## JOHN E. CONREY v. MARY B. PRATT et al., Appellants.

### Division One, March 15, 1913.

1. **APPELLATE JURISDICTION: Suit to Foreclose Mortgage.** Where the defense to a suit to foreclose a deed of trust is that it was procured by fraud, and the answer seeks to have it annulled for that reason, the title to land is directly put in issue, and the appellate jurisdiction is exclusively vested in the Supreme Court.

2. **MARRIED WOMAN: Conveyance of After Acquired Property.** Under the statute in force on May 12, 1904 (Sec. 901, R. S. 1899), a deed of trust signed by a married woman and her husband, given to secure the payment of a note signed by both, upon land which neither owned at the time, did not operate to convey her interest acquired by purchase from the real owner after her husband's death.

3. ————: ————: **Effect of Married Woman's Act.** The Married Woman's Act of 1889, giving to a married woman many rights of a *feme sole*, did not take away from her the protection as to covenants in the conveyance of her lands afforded by section 901 prior to its amendment in 1905.

4. **WITNESS: Competency: One Party Dead: Called by Other Side.** The statute disabling a witness from testifying under certain circumstances where the other party to the cause of action or contract is dead, was intended to exclude such person

as a witness on his own behalf or on that of those in privity with him against the objection of the adverse party. If his testimony is not objected to, or if he is called by the other party, the statute has no application.

Appeal from Lawrence Circuit Court.—*Hon. F. C. Johnston,* Judge.

REVERSED AND REMANDED.

*Mayhew, Sater & Gardner* for appellant.

(1) Defendant could call plaintiff and make him her witness.. Plaintiff Conrey could not object to this testimony because Pratt was dead. This right belonged to Mrs. Pratt and she saw fit to waive that right, make Conrey her witness, and the court erred in striking out his testimony, as Conrey's testimony shows he was present when the notary stated to Mrs. Pratt that they were not taking a deed of trust but merely a lien on the building, as shown by testimony of Mrs. Pratt and testimony of Conrey.. Vandergriff v. Swinney, 158 Mo. 527; Nugent v. Curran, 77 Mo. 323. (2) There is evidence on behalf of defendant of representations made to her by the notary in the presence of plaintiff. Plaintiff himself testified he was present. This should have been submitted to the jury.. Claflin v. Rosenberg, 42 Mo. 439; Schoof v. Fries, 90 Mo. App. 111. (3) No covenant in any deed to property belonging to the husband shall bind the wife, except so far as may be necessary to actually convey her interest therein. R. S. 1909, sec. 2788. A deed made by a married woman does not convey her after acquired interest in the land where she signs as wife. Hendricks v. Musgrove, 183 Mo. 300. The word deed as used in the above statutes included also mortgages and deeds of trust. Parsons v. Dennis, 7 Fed. 317.

*Charles L. Henson* for respondent.

(1) Where a married woman executes a deed of trust to land to which she has no title and she there-

after acquires the title, such after acquired title will inure to the benefit of the grantee in the deed of trust so executed. Ivy v. Yancey, 129 Mo. 501; Hafner v. St. Louis, 161 Mo. 34; Barker v. Circle, 60 Mo. 258. No such inurement against a married woman when the transaction was prior to the passage of the Married Women's Act of 1889 and while under coverture. Bland v. Windsor, 187 Mo. 108; Hendricks v. Musgrove, 183 Mo. 300. (2) "Where a grantor, by the terms of his deed, undertakes to convey to the grantee an indefeasible estate in fee simple absolute, and shall not, at the time of such conveyance, have the legal title to the estate sought to be conveyed, but shall afterward acquire it, the legal estate subsequently acquired by him shall immediately pass to the grantee; and such conveyance shall be as effective as though such legal estate had been in the grantor at the time of the conveyance." Sec. 2871, R. S. 1909; Fordyce v. Rapp, 131 Mo. 354; Johnson v. Johnson, 170 Mo. 34; Marston v. Catterlin, 239 Mo. 390. (3) "A married woman shall be deemed a *femme sole* so far as to enable her to carry on and transact business on her own account, to contract and be contracted with, to sue and be sued, to enforce and have enforced against her property such judgments as may be rendered for or against her and may sue and be sued at law or in equity, with or without her husband being joined as a party," etc. Sec. 8304, R. S. 1909. (a) The disabilities of married women at common law have been removed by the foregoing section and she may convey her real estate without her husband joining therein. Bank v. Hageluken, 165 Mo. 443; Evans v. Morris, 234 Mo. 177; Glasscock v. Glasscock, 217 Mo. 362. (b) And may contract with her husband as effectually as if such disabilities never existed. Rice-Stix v. Sally, 176 Mo. 177; O'Day v. Meadows, 194 Mo. 588. (c) And in her husband's action against her in replevin she may recover judgment against him, if en-

titled to the property.  Beagles v. Beagles, 95 Mo.
App. 338. ' (d)  And she may authorize an agent to
contract a sale of her land and may ratify the act
of the agent in so doing and her ratification will re-
late back and be the equivalent of a prior authority.
Kirkpatrick v. Pease, 202 Mo. 471.   (4) Under stat-
utes of other States similar to ours it has been held
that the subsequently acquired title of a married
woman will inure to her grantee in a deed of trust.
Cooper v. Burns, 133 Fed. 398, 140 Fed. 273; George
v. Brandon, 214 Pa. 623; Bruce v. Goodbar, 104 Tenn.
638; B. & L. Assn., 50 S. C. 459.

### STATEMENT BY THE COURT.

The petition filed to the March term, 1909, of the
circuit court of Lawrence county, alleges that on May
12, 1904, the defendant Mary B. Pratt, with her hus-
band, C. N. Pratt, then living, but dead at the time
of the filing of this suit, executed the following promis-
sory note:

$63.07                    Monett, Mo., May 12, 1904.
    Thirty-five days after date we promise to pay to the order
of John E. Conrey sixty-three and 7-100 dollars at the rate
of 8 per cent per annum from date.  Value received.

                                    C. N. PRATT.
                                    MARY B. PRATT.

That to secure the payment thereof she joined her
husband in a deed of trust of the same date on two
acres of land, except sixteen feet reserved on the west
side for a public road; that the debt and interest evi-
denced by said note thus secured are wholly unpaid;
that defendant, Mary B. Pratt, is the actual tenant
and occupier of said real estate described in the trust
deed.  Defendant then prays judgment for the amount
due and for the sale of the real estate to satisfy such
judgment, and that all equity of redemption in the
defendant be foreclosed, and for general relief.

The answer of defendant Mary B. Pratt admits
that her husband, C. N. Pratt, now deceased, signed a

certain promissory note, as in plaintiff's petition alleged, and states that she signed the same as surety; that she was moved by the fraudulent misrepresentation of plaintiff as to its contents to join her husband in a deed of trust to secure said note; that the false statement on which she relied was, that the deed of trust did not involve the land but was only a chattel mortgage for some improvements located on said land; that plaintiff well knew that neither defendant nor her husband had any title to the land described in his petition; that the title to said land then and for a long time prior, was vested in one H. S. Zenor, who lived in St. Louis county, Missouri; that on the first day of June, 1907, her husband, C. N. Pratt, died without any title to said land; that after the death of defendant's husband and about four years after the said deed of trust and note had been given, she received from a fraternal insurance organization the sum of $2000; that with part of said money she bought the premises described in plaintiff's petition, and received a warranty deed therefor on the third day of July, 1907, and never had any title to it prior to that date; that the note given by her husband to plaintiff and signed by herself, as above stated, was without consideration, wherefore she prayed the note and deed of trust be set aside and for naught held.

The reply admitted that the defendant, Mary B. Pratt, did not have the legal title to the land when she became a party to the note of her husband to plaintiff, and that she did acquire the land as stated in her answer; denied that she was the surety of her husband on the note given to the plaintiff; and denied that she was misled or deceived in the matter of executing the deed of trust; and prayed for judgment as in the petition.

To support the affirmative defense set up in her answer, the defendant gave evidence that herself and husband were parties to a former note and deed of

trust given to plaintiff, which was drawn up and pre-
pared for their signatures by plaintiff's attorney (one
Maher) who was also a notary public; that at the time
of the execution of that instrument defendant Mary B.
Pratt observed that it embraced land and refused to
sign it on that account. She states that the said Maher
"took particular pains to explain to me that it did not
involve land in any way whatever—it was to only
cover the building on it." She was then asked the
following questions: "Q. That is when you signed
this? A. Yes, sir. Q. This deed of trust? A. Yes,
sir. Q. The explanation you have given there was
the inducement to you to sign it? A. Yes, sir." These
answers were stricken out by the court over defend-
ant's objection and exception at the time. She there-
upon called the plaintiff to testify, who admitted that
Maher was his brother-in-law and had been employed
by him to draw up the instrument executed by de-
fendant and her husband, and also a former chattel
mortgage; but stated he had never given Maher any
authority to make representations in his behalf, and
that he (plaintiff) was present when both instruments
were drawn up.

On the request of plaintiff's attorney, and over
the objection and exception of the defendant, the court
struck out the testimony of plaintiff, although the rec-
ord shows the plaintiff admitted he had employed
Maher to draw the former chattel mortgage and deed
of trust, and that he was present at the time when he
(Maher) procured the signature of defendant to both
instruments. Defendant sought to prove by the plain-
tiff that at the time he took the deed of trust described
in his petition he knew the defendant had no interest
in the land. This the court refused, but permitted
him to testify that he was present when the deed of
trust was executed, and that the deed of trust in suit
was taken in lieu of a note secured by a former deed
of trust and acknowledged before Maher. The court,

however, seems (the record is not clear) to have stricken out this testimony over the objection and exception of defendant.

At the conclusion of the evidence the trial court, over the objection and exception at the time of defendant, gave a peremptory instruction requiring the jury to find the issues in favor of plaintiff for the amount of the note set up in his petition and interest to date at eight per cent, and upon the return of a verdict in accordance, rendered a decree ordering the sale of the land of defendant to pay and satisfy same, and barring and foreclosing all right, title, or equity of redemption in and to said land and improvements, and each and every part thereof; and provided that the purchaser should be let into the possession by writ of restitution if necessary; and provided further for an execution for the entire judgment or any sum remaining unpaid after applying such proceeds of sale to such judgment as herein directed, and that execution may issue to enforce this judgment and decree in all its parts.

Defendant duly perfected her appeal to this court.

## OPINION.

### I.

BOND, J. (After stating the facts as above).— Respondent's brief suggests a question of our jurisdiction to determine this appeal. Where a deed of trust is alleged to have been procured by fraud and is sought to be annulled for that reason —which is the defense made in this case— the title to land is put in issue directly, and the appellate jurisdiction is exclusively vested in this court by the Constitution. [Vandeventer v. Bank, 232 Mo. l. c. 625; Loewenstein v. Insurance Co., 227 Mo. 100.] The appeal, therefore, was rightfully taken.

*Appellate Jurisdiction.*

The equitable defense set out in the answer, cou-

pled with the prayer for affirmative relief, converted this into an equitable action which the court might have tried without the aid of a jury. [Wolff v. Ward, 104 Mo. 1. c. 146; Trust Co. v. McDonald, 146 Mo. 1. c. 479.]

## II.

The decisive question as to so much of the decree as adjudged that the title of defendant passed under the deed of trust exhibited with plaintiff's petition and directing a foreclosure thereof, is whether, under the statutes and decisions of Missouri, the fee simple title which defendant acquired about four years after her joinder in the deed of trust, inured by operation of law to the trustee therein and for the purposes thereof; although at the time of its execution both plaintiff and defendant had actual knowledge that no such title was then vested in defendant and could not have been intended to be conveyed, and that she was a married woman.

**Deed of Married Woman: After Acquired Title.**

The common law doctrine on this subject and its origin and basis are discussed with clearness and logic as declared in the American decisions, in a work of much authority. [Rawle on Covenants for Title (5 Ed.), chap. 11, and especially sections 264 and 265.] In Missouri, however, the law governing this subject is embodied in statutes and our interpretative decisions. The general applicatory statute is, to-wit:

"Where a grantor, by the terms of his deed, undertakes to convey to the grantee an indefeasible estate in fee simple absolute, and shall not, at the time of such conveyance, have the legal title to the estate sought to be conveyed, but shall afterward acquire it, the legal estate subsequently acquired by him shall immediately pass to the grantee; and such conveyance shall be as effective as though such legal estate had been in the grantor at the time of the conveyance." [R. S. 1909, sec. 2871, G. S. 1865, p. 442, sec. 3, as amend-

ed from R. S. 1855, p. 355, sec. 3; Hendricks v. Musgrove, 183 Mo. l. c. 309; Wilson v. Fisher, 172 Mo. l. c. 15 et seq.; Ford v. Unity Church Society, 120 Mo. 498; Brawford v. Wolfe, 103 Mo. 391; State National Bank of St. Joseph v. Robidoux, 57 Mo. l. c. 450.]

The foregoing decisions except from the operation of the above statute all deeds not strictly within its terms. In the first case, supra, it was held that a married woman's deed purporting to convey the fee and executed prior to the passage of the Married Woman's Act of 1889 would not transfer property acquired by her subsequent to the making of the deed—this being the fact in that case.

In the second case cited, it was ruled that a sheriff's deed will not pass an after-acquired title of the defendant in the execution, since such a deed is only a conduit of the interest and estate of the defendant at the time of the execution sale.

In the third case cited above, it was ruled that the foregoing statute would not operate to transfer a subsequently-acquired fee simple title of the grantor to a voluntary grantee, where it was shown the grantor made a second conveyance to a purchaser without actual notice, although the first deed appeared of record. That case contained a review of the antecedent cases construing the above statute and held *arguendo* that neither under that statute nor at common law could the doctrine of inurement be applied to the deed of a married woman, which it was held only operated to pass all her *existing* right, title and interest; and cited in support of this statement the other cases cited above.

In the fourth case cited above, the widow of an intestate, who died childless, remarried, and with her second husband executed a deed of general warranty to the lands left by her first husband. At the time of the making of this deed no dower had been assigned the widow. For some reason administration

was not had upon his estate for several years. After it was taken out, the widow elected in due time, in writing, to take one-half of the real estate in lieu of dower. The question was whether this subsequently acquired title and estate of the widow passed by inurement under the deed made by her and her second husband, whereby she undertook to convey an indefeasible estate in fee simple to the land. In solving that question the court called attention to the statutory provision with reference to the power of a husband and wife to convey the real estate of the wife, which has been a part of the law of this State and included in all the revisions of the statutes from 1879 to 1899, inclusive, in which latter revision it was section 901, and which continued in full force until it was substituted by the Act of 1905. [Laws 1905, p. 94; R. S. 1909, sec. 2788.] The former act was in full force and effect and governed the rights and powers of parties to the deed of trust sought to be enforced in the case at bar, which was executed on the 12th day of May, 1904. The old act contained the following clause in reference to the conveyance of real estate of a married woman: "But no covenant expressed or implied in such deed shall bind the wife or the heirs, except so far as may be necessary effectually to convey from her and her heirs all right, title and interest expressed to be conveyed therein." [R. S. 1899, sec. 901.] The court construed this statute during its existence to intend that the deed of a married woman simply conveyed "from her and her heirs all her right, title and interest in the land at the time the deed was made;" that it had no other effect than a quit-claim of her "existing right, title and interest." And, hence, fell within the logic of the rule that there was no inurement of after-acquired title or estate under a quit-claim deed. [Brawford v. Wolfe, 103 Mo., supra, l. c. 397-398.]

In the case last cited above the same construc-

tion of the above quoted language of the old statute was made by Judge NAPTON, where he held that the deed in fee of a married woman and her husband containing statutory warranties did not make the wife responsible on those covenants with reference to land which she did not own at the time of such joint conveyance.

Under the authority of these cases and the statute in force at the time of the execution of the trust deed by appellant and her husband, our conclusion is that no other estate or interest in the land in question passed than that vested in her at the time; and as she did not then have any right or interest in the land described in said trust deed, nothing passed thereunder, and that the estate which she acquired four years thereafter was not divested when it came into being under the doctrine of inurement, either at common law or our statute declaratory thereof. [Supra.]

Whatever may be the powers of a married woman under the Act of 1889, they were not such as to create a liability against her contrary to the express provisions of the statute (R. S. 1899, sec. 901) in existence at the time of the Married Woman's Act.

We are not impressed with the argument of counsel for respondent, that the act giving married women many of the rights of *femme sole* was intended to take away from her the *protection* as to covenants in the conveyances of her land afforded by the former statute (R. S. 1899, sec. 901) prior to its repeal in 1905.

It follows that so much of the judgment of the trial court as undertook to establish and enforce the lien of the alleged deed of trust on the land described in this record was erroneous, and must be vacated.

III.

Other errors are assigned by appellant. One of these relates to the rulings of the trial court as to

Witness: One Party Dead.

competency of the plaintiff as a witness. The court vacillated in its rulings on this

point.  The  statute  disabling  a  witness  to testify under certain circumstances where the other party to the cause of action or contract is dead, was intended to exclude such persons as a witness on his own behalf or those in privity with him against the objection of the adverse party.  If his testimony is not objected to or he is called by the other side, the statute has no application, and his testimony must be judged as to competency like that of any other witness.

The judgment in this case is reversed and the cause remanded for disposition according to this opinion.

*Woodson, P. J., Lamm* and *Graves, JJ.,* concur.