NORMAN'S LAND & MANUFACTURING COMPANY, Appellant, v. STEPHEN B. HUNTER and ALFRED L. HARTY.

Division One, February 20, 1917.

1. **SHERIFF'S DEED: Unacknowledged: Sale by Purchaser: Relation.** The grantee of the purchaser at a tax sale who conveyed by a deed recorded before the sheriff had acknowledged his deed to him, took the title, as against a subsequent grantee of said purchaser with constructive notice. As to the purchaser at the tax sale, the sheriff's deed, upon its subsequent acknowledgment, related back to the day of sale; and the purchaser's deed to his first grantee took priority over a subsequent deed made by him after his first deed and the sheriff's deed had been recorded.

2. ———: **Vendible Interest.** The purchaser at a sheriff's sale acquires an interest which is vendible even prior to the acknowledgment of the sheriff's deed; and a sale by him and the title which his grantee acquires cannot be affected by subsequent attempt of such purchaser to again convey the land to another grantee; and the vendible character of his interest is not affected by the fact that after he had parted with his right to demand a deed from the sheriff the sheriff acknowledged his deed, his own deed and the sheriff's deed both being recorded before he attempted to convey to others, constructive notice being thereby given.

Appeal from Mississippi Circuit Court—*Hon. Frank Kelly,* Judge.

AFFIRMED.

*Ernest A. Green* for appellant.

The quitclaim deed made by Jones on October 1, 1887, to Bradley and Dillon, prior to the time the sheriff's deed to him had been acknowledged, was void and ineffectual to convey any title whatever to the defendants' grantors. Accordingly, defendants have no title to the lands in controversy and judgment should have been rendered decreeing title in the plaintiff. 1 Cyc. 560; Coal Co. v. Bates, 146 Ky. 624; Chadwick v. Carson, 78 Ala. 116; Balkum v. Wood, 58 Ala. 642; 1 Corpus Juris., pp. 749, 813, 814; Ryan v. Carr, 46 Mo. 483; Allen v. Moss, 27 Mo. 354; Dunlap v. Henry, 76 Mo. 108; Adams v. Buchanan, 49 Mo. 64; Cabell v. Grubbs, 48 Mo. 353; Ford v. Unity Church Society, 120 Mo. 498.

*Russell & Deal* and *Wammack & Welborn* for respondents.

Plaintiff cites a number of cases, all of which simply hold that a sheriff's deed, not acknowledged according to law, is void. This is the law as held in the cases cited. A sheriff's deed never acknowledged as provided by law, is void, but that is not the point in this case. The point in this case is at what time a sheriff's deed, properly acknowledged, takes effect, and upon this propo-

sition our Supreme Court has uniformly held that when a sheriff's deed is properly acknowledged it relates back to the sale, and takes effect as of that date, as to the defendant in the execution and his privies, and as to strangers purchasing with notice, and vests the title in the execution purchaser from that time. Leach v. Cohen, 55 Mo. 451; Fleckenstein v. Baxter, 114 Mo. 493; Strain v. Murphy, 49 Mo. 337; Ozark Lbr. Co. v. Franks, 156 Mo. 673; Bush v. White, 85 Mo. 339; Porter v. Mariner, 50 Mo. 368; Crowley v. Wallace, 12 Mo. 148; Boyd v. Ellis, 107 Mo. 401; Land & Lumber Co. v. Franks, 156 Mo. 689; Howard v. Brown, 197 Mo. 48; Griffin v. Franklin, 224 Mo. 683; Mason v. Perkins, 180 Mo. 107. Such a deed when properly executed is held to take effect as of the date of the sale under the doctrine of relation. This doctrine is that when several acts are necessary to consummate a conveyance, the conveyance when finally completed will be held to take effect as of the date of the first of the acts in the making of the conveyance. Block v. Morrison, 112 Mo. 356.

BLAIR, J.—On change of venue to Mississippi County, judgment went for defendants in a suit to quiet title to certain Stoddard County lands. This appeal followed. The undisputed facts are that the tract was sold under a tax judgment on September 5, 1887. At this sale Ligon Jones bought. The sheriff's deed to him was dated September 6, 1887, acknowledged March 10, and recorded March 12, 1888. In the meantime, October 1, 1887, Jones executed and delivered to Bradley and Dillon, defendants in the tax judgment under which he had bought, a quit-claim deed to the land. This was recorded the day of delivery. It contained the usual quit-claim recitals and the following: "The title hereby conveyed is that obtained by sheriff's tax deed, dated September 6, 1887." Respondents claim, through mesne conveyances, under Bradley and Dillon. *June 8, 1906,* Jones executed a warranty deed to Walter Phelan, under whom appellant claims. This deed was recorded September 7, 1907.

Appellant contends Jones' quit-claim deed of October 1, 1887, conveyed nothing; that Jones had nothing to convey until the sheriff's deed was acknowledged; that when that deed was acknowledged Jones's power to convey first arose and the deed of June 8, 1906, passed title to Phelan.

I.  Appellant relies upon decisions (Ryan v. Carr, 46 Mo. l. c. 486; Allen v. Moss, 27 Mo. l. c. 364; Dunlap v. Henry, 76 Mo. l. c. 108; Adams v. Buchanan, 49 Mo. 64; Cabell v. Grubbs, 48 Mo. 353 and texts which announce the rule that title does not pass by sheriff's deed and it is ineffectual as an instrument until it is acknowledged.  The cases cited involved the legal title and the rule was applied to deeds unacknowledged when offered in evidence.

Sheriff's Deed.

Respondents rely upon the doctrine of relation.  This doctrine is "that where there are divers acts concurrent to make a conveyance, estate or other thing, the original act shall be preferred, and to this the other acts shall have relation."  [Crowley v. Wallace, 12 Mo. l. c. 147.]  In that case a sheriff's deed acknowledged after suit brought was held admissible to show legal title in plaintiff from the date of the execution sale which occurred prior to the institution of the action.  It was held the deed took effect, by relation, from the date of the sale and was admissible.  The same rule has been frequently applied.  [Porter v. Mariner, 50 Mo. l. c. 368; Boyd v. Ellis, 107 Mo. l. c. 401; Bush v. White, 85 Mo. l. c. 358; Mason v. Perkins, 180 Mo. l. c. 707.]  This doctrine is applied as against the execution defendant and his privies and strangers who purchase with notice. [Land & Lumber Co. v. Franks, 156 Mo. l. c. 689.]  It has been held that a recorded deed, executed by one who has no title but who afterward acquires title by recorded deed, lies outside the chain of title of those claiming under him by subsequent conveyance, and such first deed is not constructive notice to the purchaser in good faith (Ford v. Unity Church Society, 120 Mo. l. c. 514), but

Relation.

270 Mo.—5

the rule is not applicable to this case. Appellant claims under Jones and his title depended upon the tax sale. Necessarily it took with notice of that. [Fleckenstein v. Baxter, 114 Mo. l. c. 496.] As against Jones the sheriff's deed, upon its acknowledgment in 1888, well may be held to have related to the date of the sale. After its acknowledgment he could not have disputed the title of Bradley and Dillon. Appellant claims under him and stands in his shoes with notice of the tax sale and acknowledged sheriff's deed and of the applicable law, including, in this. case, the doctrine of relation. · That this doctrine is ap-plicable in circumstances like those in.this case is directly supported by what is said in Howard v. Brown, 197 Mo. l. c. 48, 49. It is suggested what was there said is *obiter*. The court both applied the doctrine and held Brown had not put himself in position to raise the question. Whether *obiter* or not it gives expression to the correct rule. The cases of Chadwick v. Carson, 78 Ala. 116; Balkum v. Wood, 58 Ala. 642, and Northern Coal & Coke Co. v. Bates, 146 Ky. 624, are cited, but contain nothing out of harmony with the above views.

II. Another ground which supports the judgment is that by purchasing at the sheriff's sale Jones acquired an interest which was vendible even prior to the acknowledgment of the sheriff's deed. Appellant's authorities are chiefly those decided prior to the amendment of the statute relating to sheriff's sales. That amendment was enacted in 1887 (Laws 1887, pp. 186, 187) and added to section 2400, Revised Statutes 1879, provisions which remain as then enacted (Sec. 2239, R. S. 1909) and which contain a conclusive implication that the purchaser at the sheriff's sale takes an interest which he can sell or devise or which may descend to his heirs. Having taken such a right or interest, Jones sold it to Bradley and Dillon and their title and that of those who claim under them could not be affected by an attempt of Jones again to convey the property. The fact the sheriff's deed was made to Jones after he had parted with his right to demand it does not affect the question. Phelan, grantee of Jones in the

*Purchaser at Sheriff's Sale.*

deed of June 8, 1906, and under whom appellant claims, had constructive notice of the tax sale, it being in his chain of title, which is appellant's also.   That included notice of the fact that the sale gave Jones a vendible right.   Notice that he had such a right carried with it constructive notice of the deed of October 1, 1887.

The judgment is affirmed.   All concur.