MYRTLE E. ELLSBERRY, RESPONDENT, v. DUVAL-PERCIVAL TRUST
COMPANY, ET AL., APPELLANTS.*

In the Springfield Court of Appeals.   Opinion filed April 22, 1926.

1.—**Mortgages and Deeds of Trust—Recording—Constructive Notice—In-**
**urement—After-Acquired Title—Deed of Trust Held Not Constructive No-**
**tice Under Circumstances.**   Where purchaser, before receiving deed, con-
veyed by warranty deed to one who executed deed of trust to defendant,
and both warranty deed and deed of trust were recorded before deed to
original purchaser and purchaser's deed of trust to plaintiff securing pur-
chase money, the deeds first recorded did not constitute constructive notice
to plaintiff under recording act (sections 2198, 2199, R. S. 1919), and were
inferior to plaintiff's deed of trust, notwithstanding section 2266, as to
inurement of after-acquired title.

2.—**Same—Same—Same—After-Acquired Title—Common Grantor.**   Be-
cause of recording law a recorded deed executed by one who has no title,
but who afterward acquires the title by recorded deed, is not constructive
notice to a subsequent purchaser in good faith from the common grantor.

3.—**Same—Purchase-money Mortgage—Prior Lien.**   A mortgage or deed of
trust, given to secure the purchase price of land, and executed simultaneous-
ly with the deed to the purchaser, takes precedence and priority over liens
created by the grantee prior to his acquisition of title.

*Corpus Juris-Cyc. References: Mortgages, 41CJ, p. 529, n. 42; p. 560, n.
72.

Appeal from the Circuit Court of Barton County.—Hon. B. G.
Thurman, Judge.

AFFIRMED.

*H. W. Timmonds* for appellants.

(1)   This case is one for fraud.   The petition specifically alleges
the defendants and one Irwin Dowell attempted to defraud plaintiff
by manipulating a certain deed; a collusion between the defendants
and Dowell for the purpose of defrauding plaintiff and certain acts
of Dowell done with the intent to cheat and defraud plaintiff.   No
contractual relations between the plaintiff and the defendants are
alleged or proven.   Brownlee v. Hewitt, 1 Mo. App. 360, 366; Corder
v. O'Neil, 176 Mo. 401, 435; Hobbs v. Boatright, 195 Mo. 693, 727;
Traber v. Hicks, 131 Mo. 180.   (2)   Fraud is never presumed, but
must be clearly and conclusively established by the party alleging
it.   There is absolutely no proof of any fraud on the part of the ap-
pealing defendants nor their knowledge of a fraud.   Bailey v. Smock,
61 Mo. 213; Dunn v. White, 63 Mo. 181; Gilbert v. Seitz, 170 Mo. App.

569, 573; Flood v. Busch, 165 Mo. App. 142, 152; Kansas City v. Woerishoeffer, 249 Mo. 1, 32; Gass v. Evans, 244 Mo. 329, 340. Fraud cannot rest on supposition or conjecture. Troll v. Spencer, 238 Mo. 81, 101. (3) The plaintiff nor her agent was not in any way prevented from examining the records when her agent filed her deed of trust; her ignorance of the filing of the defendants' prior deed of trust was not due to defendants' fraud, but to her agent's own negligence. Avery Co. v. Powell, 174 Mo. App. 635. (4) Neither law or equity will afford relief on the ground of fraud when the means of knowledge are at hand and equally available to both parties. In the present case the plaintiff's agent, Selvey, was in the recorder's office, where the records were public and from which Selvey could have learned of the recording of the defendant's deed of trust before he filed plaintiff's deed of trust. The defendants were not there; the owner of the note and deed of trust, Mary E. Flannery, lived in California. Brown v. Railroad, 187 Mo| App. 104, 109; Lewis v. Land Co., 124 Mo. 687; Foundry Co. v. Heskett, 125 Mo. App. 516, 531; Bradford v. Wright, 145 Mo. App. 623; Hines v. Royce, 127 Mo. App. 722. (5) There is no evidence that the defendants, or either of them, took part in, sanctioned, or knew of Dowell's transactions; they could be held responsible only upon the theory that Dowell acted as their agent, and there is no evidence to sustain such a theory, or from which such an inference could be drawn. Flood v. Busch, 165 Mo. App. 142, 153. (6) Whatever fraud or wrongful acts were committed in this case were the acts of Dowell—not these defendants—and he was enabled to commit these acts by Affa Wealand agreeing with him to sell the land to Johnson and by her executing her deed to Johnson, and leaving it with Selvey. When one of two innocent persons must suffer from the wrongful acts of a third person, the one placing that third person in a position to commit the wrongs should suffer, rather than a stranger. Brown v. Railroad, 187 Mo. App. 112; Herald v. Bryan, 195 Mo. 574; Brace v. Cape Girardeau, 197 Mo. 382; Heath v. Schroer, 119 Mo. App. 93. (7) The plaintiff has shown no injury and she cannot maintain this suit. It is not shown that John Johnson, the maker of plaintiff's two notes and deed of trust, is or was insolvent; and neither was it shown that any effort had been made by the plaintiff to enforce the collection of these notes; neither of these notes were due when this suit was instituted nor when it was tried. Stacey v. Robinson, 184 Mo. App. 54, 63; Johnson v. Railways Co., 247 Mo. 358; McLennan v. Inv. Exch. Co., 170 Mo. App. 393; Bank v. Dowler, 167 Mo. App. 378, 379; Thompson v. Newell, 118 Mo. App. 414; Hamlin v. Abell, 120 Mo. 207. (8) The deed of trust to secure Duvall-Percival Trust Company was filed for record in the recorder's office prior to the filing of the Ellsberry deed of trust, so

the plaintiff, as mortgagee, took her deed of trust with notice of the prior lien of the Duvall-Percival Trust Company deed of trust. Sec. 2199, R. S. 1919; Allen v. Ray, 96 Mo. 547; Garret v. Wiltse, 252 Mo. 713; Case v. Goodman, 250 Mo. 115; McDonald v. Orrick, 139 Mo. 498. (9) The court committed error in admitting evidence of the statements, conversations and agreements between Affa Wealand and Irwin Dowell and between Affa Wealand, Myrtle Ellsberry and their agent, Leland Selvey, and Irwin Dowell, and between Dowell and Lester Pahlow, the abstractor. The defendants were not present, neither was anyone with authority representing either of them. Affa Wealand, Irwin Dowell, Leland Selvey and Lester Pahlow are strangers to this suit. Knapp v. Hanley, 108 Mo. App. 362; Fouge v. Burgess, 71 Mo. 389; Coble v. McDaniel, 33 Mo. 363; Mathewson v. Larson-Myers Co., 217 S. W. 612.

*Martin & Martin* and *W. M. Bowker* for respondents.

A recorded deed by one who has no title but who afterward acquires the title by recorded deed, is not constructive notice to a subsequent purchaser in good faith from a common grantor—such a conveyance not being within the line of title or chain of title as used in conveyances. Ford v. Unity Church Society, 120 Mo. 498, 511; Dodd v. Williams et al., 3 Mo. App. 278; Norman's Land & Mfg. Co. v. Hunter, 270 Mo. 62; Conrey v. Pratt, 248 Mo. 576; Notes in Am. Law Rep., Annotated, Vol. 25, page 89. A mortgage given to secure the purchase money, made simultaneously with a deed to the mortgagor in pursuance of an agreement that such mortgage shall be given, has precedence over a prior deed of trust given by the same mortgagor. Wendler v. Lambeth, 163 Mo. 428; Note in Am. Law Rep., Annotated, Vol. 25, page 92. A mortgagee or a grantee, in searching the record, does not have to look past the title of his grantor or a conveyance lying in his chain of title. He does not have to look for conveyances made by such grantor before he acquired title. Dodd v. Williams, 3 Mo. App. 278; Ford v. Unity Church Ass'n, 120 Mo. 498; Am. Law Rep., Annotated, Vol. 25, page 89.

BRADLEY, J.—This is an action to determine the priority of liens. Below the decree went for plaintiff and defendants Duval-Percival Trust Company and Mary E. Flannery appealed.

The suit was commenced against the two defendants above named and one W. J. Smiley. The trust company and Mary E. Flannery filed answer and contested, but Smiley made no appearance. Hereinafter when we use the term defendants we have reference to the trust company and Mary E. Flannery who prosecute this appeal.

Prior to the transactions which gave rise to this cause Miss Affa Wealand was the owner of 120 acres of land in Barton county. One

Irwin H. Dowell claimed to have found a purchaser for said land in the person of one John Johnson, March 25, 1924, a deal through Dowell was made whereby Miss Wealand sold her land to Johnson for $4800. Five hundred dollars was to be paid in cash, and the balance was to be in two notes, one for $500 due in one year, and one for $3800 due in five years. Both notes were to draw six per cent interest and were to be secured by first deed of trust on the land sold. March 25th Miss Wealand and her sister, the plaintiff herein, and Dowell went to the office of Leland Selvey an abstractor and notary, and Selvey prepared, and took the acknowledgment to, a warranty deed conveying the land from Miss Wealand to Johnson, Dowell had with him, at the time, the two notes and deed of trust given by Johnson which by direction of Miss Wealand were made to plaintiff. The deed of trust from Johnson to plaintiff were dated March 1, 1924, and acknowledged March 22nd. The warranty deed from Miss Wealand to Johnson and the deed of trust from Johnson to plaintiff were left with the notary Selvey to be recorded when the $500 cash was paid. March 26th, the next day after the meeting at Selvey's office, Dowell paid the $500 and thereupon Selvey took the warranty deed and the deed of trust to the recorder's office. The warranty deed was filed at 3:45 P. M., and the deed of trust at 3:50, five minutes later.

The above are the facts relative to the steps and transactions which resulted in the deed of trust held by plaintiff.

Following are the facts appertaining to the deed of trust under which appellants claim priority. March 21st, four days before Miss Wealand executed deed to Johnson and five days before his deed was delivered and filed for record Johnson conveyed by warranty deed to defendant Smiley for a recited consideration of $6300. This deed was acknowledged on March 22nd and was filed for record at 3:10 P. M., March 26th, 35 minutes prior to the filing of the deed from Miss Wealand to Johnson. March 21st Smiley executed a deed of trust to defendant trust company to secure a note for $2000, and this deed of trust was acknowledged March 22nd and filed for record at 3:15 P. M., March 26th, 35 minutes prior to the filing of the deed of trust to plaintiff to secure the purchase price of the land sold by Miss Wealand to Johnson.

March 26th, and immediately after the four instruments above mentioned were filed, Dowell had Lester L. Pahlow, an abstractor, to bring the abstract of the Wealand land down to 3:45 P. M., March 26th. When thus brought down the abstract showed all of the conveyances herein mentioned except the deed of trust from Johnson to plaintiff given to secure purchase price. The abstract, showing transfers to 3:45 P. M., of March 26th, was presented to defendant trust company on March 27th and was approved and a $2000 loan made to Smiley, but the money was paid to Dowell who "submitted proof"

that he was Smiley's agent and had the right to receive the money. April 29, 1924, the defendant trust company for value assigned the Smiley note and deed of trust to defendant Mary E. Flannery.

Plaintiff stands upon the proposition that the deed of trust from Smiley to the defendant trust company, although filed for record 35 minutes prior to the filing of her deed of trust, is nevertheless inferior and not entitled to priority. Defendants contend that when plaintiff's deed of trust was filed the deed of trust from Smiley to the trust company was then on file, that is of record and that plaintiff, therefore, took her deed of trust with constructive notice of the Smiley deed of trust to the trust company. It is not claimed that Miss Wealand or plaintiff had any actual knowledge of the deceptions and manipulations of Dowell which resulted in this action. Defendants as stated rely upon the priority of record to sustain their position. Section 2198, Revised Statutes 1919, provides that every instrument proved or acknowledged that affects or conveys real estate shall be recorded in the office of the recorder in the county in which such real estate is situated. The following section, section 2199, provides that every such instrument, etc., shall from the time of filing "impart notice to all persons of the contents thereof and all subsequent purchasers and mortgagees shall be deemed, in law and equity, to purchase with notice." Defendants invoke these statutory provisions of our recording act. Also they invoke section 2266, Revised Statutes 1919, of the statute on conveyances, and the general doctrine of inurement respecting after acquired title.

Section 2266 is as follows: "Where a grantor, by the terms of his deed, undertakes to convey to the grantee an indefeasible estate in fee simple absolute, and shall not at the time of such conveyance, have the legal title to the estate sought to be conveyed, but shall afterward acquire it, the legal estate subsequently acquired by him shall immediately pass to the grantee; and such conveyance shall be as effective as though such legal estate had been in the grantor at the time of the conveyance."

Defendants in effect say that under this statute and under the general doctrine of inurement of after-acquired title the title that Johnson acquired by the deed from Miss Wealand immediately passed to Smiley and by the same rule passed *instanter* from Smiley to the holder of the Smiley deed of trust. And since the course of title thus ran, and since the Smiley deed of trust was of record to plaintiff's deed of trust, it is vigorously contended that plaintiff's deed of trust is not entitled to priority. Such reasoning is not without force and on the point able lawyers, courts and textwriters have differed. But as we read the law in our own jurisdiction defendants' position cannot be sustained for two reasons: (1) Because of our recording law a recorded deed executed by one who has no title, but who after-

ward acquires the title by recorded deed, is not constructive notice to a subsequent purchaser in good faith from the common grantor. [Ford v. Unity Church Society, 120 Mo. 498, 25 S. W. 394; Dodd v. Williams, 3 Mo. App. 278; Norman's Land & Mfg. Company v. Hunter et al., 270 Mo. 62, 193 S. W. 19; Convey v. Pratt, 248 Mo. 576, 1. c. 584, 154 S. W. 749.] In the note to Builders Sash & Door Company v. Joyner, 25 A. L. R. 81, the doctrine of after-acquired title is considered at length, and a great number of cases are there collated and discussed. On page 89 of the note mentioned is this language: "As appears from the theory of the cases discussed, supra, those cases hold that an after-acquired title inures to the benefit of the prior grantee, notwithstanding the recording laws. Upon this point there is difference of opinion. It is the view of the cases discussed in the present subdivision that the recording laws prevent the after-acquired title from inuring to the benefit of a grantee who took a conveyance from one who had no title to the property and who recorded such title before the grantor acquired title." Supporting this last statements, among other cases cited are Ford v. Unity Church Society, and Dodd v. Williams, supra. The Ford case is a leading case and we could not improve upon the statement of the law as there made, and will not further discuss the question.

(2) The second reason why defendants' position cannot be sustained is that a mortgage or deed of trust given to secure the purchase price of land and executed simultaneously with the deed to the purchaser, takes precedence and priority over liens created by the grantee prior to his acquisition of title.. [Windler v. Lambeth, 163 Mo. 428, 1. c. 440, 63 S. W. 684.]

The judgment below was in accordance with the law and should be affirmed, and it is so ordered. *Cox, P. J.,* and *Bailey, J.,* concur.