TAYLOR WILSON and ROBERT WILSON v. ISAAC C. WILSON, Appellant.

Division One, March 3, 1914.

1. **HOMESTEAD: Sale for Decedent's Debts.** Under Sec. 5439, R. S. 1889, the homestead of a deceased householder could be sold, in the course of administration, to pay his debts, subject to the homestead rights of his widow and minor children.

2. **JUDGMENTS OF PROBATE COURT: Collateral Attack.** Judgments of probate courts in administration matters are entitled to all the presumptions that attach to judgments of courts of general jurisdiction; and if they are regular on their face and do not show a lack of jurisdiction in any of the proceedings, they are invulnerable to collateral attack. Nor will a direct attack in equity avail unless the petition alleges some ground recognized in equity as sufficient to authorize an annulment of a judgment.

3. ———: **Jurisdiction: To Appear "Before" Day Fixed.** The use of the word "before" instead of "at" in the publication requiring the persons named to appear "before" the day fixed by the order, was an irregularity which did not go to the jurisdiction of the court.

4. ———: **Administration: Sale of Real Estate to Pay Debts: Allowance of Demands.** Where the records of the probate court state there were debts against the estate, the fact that the court subsequently to the date of such recital granted a rehearing of the demands allowed did not abrogate that recital nor does it tend to show that the demands were not allowed on the rehearing.

5. **RECOVERY: Bounded by Pleading.** There can be no recovery on causes of action not pleaded. Where plaintiff's petition alleged the judgment of the probate court directing the sale of decedent's real estate to pay debts was void on the ground that the land was a homestead, and a judgment for him cannot be upheld on that ground, he cannot have it upheld on other grounds not pleaded.

Appeal from Dunklin Circuit Court.—*Hon. W. S. C. Walker*, Judge.

REVERSED AND REMANDED.

*Bradley & McKay* for appellant.

(1) The homestead could be sold at the time it accrued to the widow and children in 1884, for the payment of debts created during the lifetime of the deceased, subject to the rights of the widow and minor children. Sec. 5439, R. S. 1889. This statute clearly authorizes a sale of the fee to pay debts, subject, however, to the rights of the widow and minor children, if any. Anthony v. Rice, 110 Mo. 223; Robins v. Boulware, 190 Mo. 41; Keen v. Wyatt, 160 Mo. 1; Bunn v. Lindsay, 95 Mo. 250; Crisp v. Crisp, 86 Mo. 630. (2) The judgment is clearly against the law as applied to the evidence in this cause, as the petition and all the evidence show the court had jurisdiction to sell the lands and the sale was legally and fairly made. Defendant pleads laches and estoppel as a special defense to this action. The evidence shows that respondents were minors at the time this sale took place in 1902, that Taylor Wilson was nineteen years old and Robert Wilson was eighteen years old; that Taylor Wilson was twenty-seven, and Robert Wilson twenty-six when this suit was filed; that they knew the land was sold to pay the debts of their deceased father and that their step-father purchased said land and sold the same to their brother, appellant herein, and with full knowledge of all facts connected with the sale,

255 Mo. 34

they stood by and saw their brother make valuable and lasting improvements, such as clearing and fencing, and saw the land increase in value from one thousand five hundred dollars to a value of two thousand dollars. They are now barred by their laches, though short of the period of the statute of Limitations. Kroening v. Goehri, 112 Mo. 641; Butler v. Lauson, 72 Mo. 249; White v. Storm, 236 Mo. 491.

*W. R. Satterfield, Thomas F. Donaldson* and *J. P. Tribble* for respondents.

(1)  Appellant contends that the judgment is for the wrong party. He urges in support of this assignment of error that plaintiffs' petition alleges that the land was the homestead of deceased, W. H. Wilson, and could not be sold for the payment of his debts, subject to the homestead, and that the sale is, for that reason, void; that having alleged this fact, plaintiffs are confined to that one ground of relief. And if in error as to that point, cannot recover at all, no matter how void the sale may have been from other causes. In other words: that it makes no difference if the administrator's sale was void from other causes, yet, if the land could be sold subject to the homestead, the sale must stand, because plaintiffs allege that the land could not be sold subject to the homestead. He strenuously urges that the homestead could be sold, since Wilson died in 1884. Conceding for the sake of argument that appellant is correct as to the right to sell the land subject to the homestead, there is ample evidence to sustain the judgment of the court—evidence showing that the sale was void on other grounds. The first count of the petition is to determine the title. Appellant evidently overlooks the fact that in suits to determine title the petition need not set out plaintiff's title, nor is the plaintiff required to set out the nature or extent of the defendant's claim of title where its nature is unknown. The petition was sufficient. R. S.

1909, sec. 2535; Huff v. Land Co., 157 Mo. 65. And in such action the court by its judgment or decree may determine the estate and interest of the parties. And the court may determine all rights, claims, interests, of the parties in the land, and grant full and complete relief, whether legal or equitable, with the same force and effect as the court might or could do in any other or different action, and when so rendered shall be as effectual between the parties as if rendered in any other or different or separate action prosecuted therefor. R. S. 1909, sec. 2535; Huff v. Land Co., 157 Mo. 65. The sale was void for the following reasons, aside from any consideration of the homestead laws existing at the time of the death of Wilson. There was no foundation for the order of sale. There was not one valid demand properly allowed against the estate at the time the sale was ordered. The order allowing the demands in favor of R. Peppers and L. P. Peppers had been revoked during the term of court at which they were allowed. The power of the probate court to revoke its orders allowing these demands, during the term of court at which they were made, is beyond question. Scott v. Smith, 133 Mo. 618; Orvis v. Elliott, 65 Mo. App. 90; Martin v. Tobacco Co., 53 Mo. App. 655; Randolph v. Sloan, 58 Mo. 155. While the date of the order revoking these allowances was omitted from the bill of exceptions by oversight, the trial court had the record before him. The order revoking the allowances was in fact made at the same term of court during which they were allowed. The probate court was without jurisdiction to order the sale of the land for the reason that the resident heirs had not been notified of the contemplated sale. This record shows that the proof of publication in the newspaper was made, but is silent as to the service of the notice on the heirs. The heirs were residents of Dunklin county and the order of the court directed that the notice be served upon them. This notice was jurisdictional. R. S. 1909, sec.

153; R. S. 1899, sec. 149; Hill v. Taylor, 99 Mo. App. 526; Young v. Downing, 145 Mo. 250; Patee v. Moore, 59 Mo. 164. The case was tried on the theory, in part, that the resident heirs were not notified, and it was clearly proven that no notice was served on the resident heirs. The witnesses were before the court and the court found that no notice was given. The order of sale, made upon petition of administrator, is at least defective if not void. That part of the order requiring notice to the resident heirs is: "And it is further ordered by the Court that a copy of the record be served on R. Peppers, Mrs. L. P. Peppers, Robert Wilson and Taylor Wilson, heirs to said estate, notifying them that unless they appear and show cause before the next regular term of this court why such order will be made for the sale of whole or so much of the estate as would take to satisfy creditors." The heirs were not to be notified that real estate would be ordered sold if they did not appear, but merely "estate," whether real or personal is not stated. If the notice had been served on plaintiffs, in the form directed by the order of the court, it would not have been sufficient compliance with the statute. The order does not require a notice in regular form served upon the heirs, but merely requires a copy of the record. Furthermore, the requirement is that they appear and show cause "before the first day of the next term of the court," instead of at the next term of the court. If the order had been complied with, and a certified copy of the record served upon the heirs, it would not have met the requirements of the statute, and the court would still have been without jurisdiction to make the order of sale. (2) Appellant contends that plaintiffs had been guilty of laches, and urges that the plaintiffs are estopped from maintaining this action because of their delay, and because of permitting the defendant to make improvements on the land. The plaintiffs brought the suit within the statutory period.

Their right to sue did not arise until the death of their mother, less than two years before the suit was filed. She had been dead about three years at the time of the trial. The improvements consisted in clearing six or seven acres of land and appellant had sold timber off the land sufficient to pay for the improvements. Besides, he had received the rents of the land, amounting to $855, two-fifths of which properly belonged to plaintiffs. Appellant bought with full knowledge of the conditions surrounding the probate sale. He was one of the heirs, and cannot now plead laches under the circumstances. The plaintiffs never encouraged the appellant to make improvements.

## STATEMENT.

W. H. Wilson died in Dunklin county, Missouri, October, 1884, leaving a widow and several children, two of whom are the plaintiffs in the petition hereinafter set forth, and were then under two years of age.

At the time of his death he owned and occupied as a homestead, forty acres of land. His widow remarried the next year and resided on the land until her death in 1907, without issue of her second marriage. Administration was taken out upon his estate in 1902, in the course of which said land was sold for the payment of debts and purchased by the widow and her second husband, who received an administrator's deed for the land in October, 1902.

In 1909 Taylor and Robert Wilson, the youngest of the children of W. H. Wilson, deceased, and then aged twenty-six and twenty-seven years respectively, brought this action against defendant Isaac Wilson, who acquired title to said land by a deed from the purchaser at the time of the administrator's sale.

The petition is in two counts, the first of which needs only be stated since there was no recovery on the second (ejectment). Said first count, after stat-

ing plaintiffs were two children of W. H. Wilson, and giving the names of his other children, and reciting his death and the survival of his wife and her second marriage and death, set forth the cause of action to-wit:

"The said W. H. Wilson died seized of the following described real estate, to-wit: Southwest quarter of the northwest quarter, section ten, township seventeen, range east.

"That said W. H. Wilson at the time of his death and long prior thereto lived on said real estate and during all of that time held, enjoyed and treated the same as a homestead; and that said widow, Louisa P. Wilson, together with the plaintiffs herein, his said children, continued to reside on said real estate from and after his death until the —— day of ——, 1902, at which time one L. W. Myracle, as administrator of the estate of the said W. H. Wilson, deceased, attempted and pretended to sell said real estate to the said R. Peppers for the alleged purpose of paying the indebtedness of the said W. H. Wilson, deceased; that at the time of said sale said real estate was the homestead of said Louisa P. Peppers and the plaintiffs; that said sale and all proceedings in the probate court incident thereto were absolutely null and void and of no binding force or effect whatever against the plaintiffs.

"That the defendant, Isaac C. Wilson, has the possession of said and claims title to all of said premises by reason of a deed from the said R. Peppers and wife; that the plaintiffs are the owners of an undivided two-fifths interest in said real estate.

"Wherefore, the premises considered, the plaintiffs pray the court to ascertain and determine the estate, title and interest of said parties respectively in such real estate and to define and adjudge by its decree or judgment, the title, estate and interest of the

parties severally in and to such real property, and for such other orders and demands as may be deemed just and proper, and for costs."

Defendants answered by a general denial and a plea of laches.

On the hearing the court adjudged that each of the two plaintiffs was entitled to one-fifth of said land. From a decree quieting their title to that extent defendant has duly appealed to this court.

## OPINION.

BOND, J. (After stating the facts as above).— At the time when W. H. Wilson died and at the time of the sale of the real estate on which he had Homestead: established a homestead, by the administra- Sale for tor of his estate, there was a statute in this Decedent's Debts. State (R. S. 1889, sec. 5439) declaratory of the right of creditors to enforce their claims in the course of administration of a decedent's estate by selling the same subject to the homestead rights of the widow and minor children. [Robbins v. Boulware, 190 Mo. 33; Keene v. Wyatt, 160 Mo. 1; Anthony v. Rice, 110 Mo. 233; Bunn v. Lindsay, 95 Mo. 250; Crisp v. Crisp, 86 Mo. 630.]

When the present action was brought, the widow of W. H. Wilson had died and his youngest children, the two plaintiffs, had attained their majority, and there was no person in existence who had any homestead rights in this property. It follows that the count of the petition set forth in the statement above, stated no cause of action in them, on the theory that the sale decreed by the probate court was a nullity or prejudicial to any rights accruing to plaintiffs under the homestead law in vogue when that sale was made.

## II.

The learned counsel for respondents practically concedes in his brief that the judgment in their favor below cannot be upheld upon the specific attack made in their petition upon the proceedings in the probate court through which appellant acquired title. But they suggest that there are other grounds, not alleged in the petition, which would suffice to sustain the judgment of the circuit court and permit us to affirm it. The grounds thus suggested are, to-wit: (1), That the proceedings of the probate court disclose that its order to sell the land of W. H. Wilson was made before any debts were allowed against his estate; (2), That the heirs who were residents of Dunklin county were not served with notice; (3), That the order made by the probate court requiring notice to them is defectively worded.

The first answer to all of these contentions is that the record and proceedings of the probate court, which were introduced in evidence, disclose on their face that all the steps taken in that court were regular and in conformity to the rules of law governing its action. Administration was duly taken out; claims were duly presented; a petition was filed for the sale of lands to pay debts; due notice was ordered to be given as prescribed by law; a sale was made in conformity with the directions of the probate court and duly reported and confirmed by the court; and a deed, regular in all respects, was made to the purchasers. There does not appear in any part of the proceedings or in the files constituting the records of the county court, any fact or recital which ousted that court of jurisdiction of the cause or the parties to be affected or the *res*.

The rule is now well settled that the judgments of such courts in administration matters are entitled to all the presumption given by law to the judgment of a court of general jurisdiction, and where they are reg-

ular on their face and do not disclose lack of jurisdiction in any of the proceedings, such judgments are impervious to collateral attacks. [Desloge v. Tucker, 196 Mo. l. c. 601; Robbins v. Boulware, 190 Mo. l. c. 51.) Nor are they open to a direct attack in equity except by a petition which *alleges* some recognized *ground* for annulment of the judgment under the rules governing courts of equity.

To overcome the presumption of jurisdiction attached to the proceedings and judgments of the probate courts arising from their recitals of jurisdiction contained in its records and their silence as to any matters disclosing their want of jurisdiction, it was incumbent on plaintiffs to set forth in their petition the specific grounds for annulling the proceedings in the probate court. Instead of alleging that the probate court was without jurisdiction of the persons of the plaintiffs, the petition charges that the action of the probate court was void for another reason, which it has been shown did not invalidate it. Moreover during the trial there was no proof *in pais* that the plaintiffs were not notified of the proceedings in the probate court.

Nor is there any merit in the contention that the publication ordered by the court was defective. It simply required the person named to appear "before" instead of "at" *the day* fixed in the order. That was merely a harmless irregularity which did not go to the jurisdiction of the court.

Nor is there any merit in the suggestion that there were no debts against the estate. The record and proceedings state to the contrary, and the fact that the probate court granted a rehearing of the demands allowed, does not militate against the statements of its record that they existed, nor tend to show that they were disallowed on the rehearing. But none of these contentions were *alleged* in plaintiffs' petition, and neither in equity nor in legal action, can there be any

recovery on *unpleaded* causes of action. And in neither forum will a judgment be sustained when it was rendered on a totally different cause of action than any comprehended within the allegations of the petition in the cause. [Newham v. Kenton, 79 Mo. 382; Kilpatrick v. Wiley, 197 Mo. l. c. 163; Milliken v. Commission Co., 202 Mo. l. c. 654; Black v. Early, 208 Mo. l. c. 313.]

The result is that the judgment in this case is reversed and the cause remanded. All concur.