. (No. 11561.—Judgment affirmed.)

THE PEOPLE *ex rel.* Henry Stuckart, County Collector, Appellant, *vs.* MARK L. DAY, Appellee.

*Opinion filed June 21, 1917.*

APPEALS AND ERRORS—*when judgment must be affirmed on second appeal.* Where the only question on a second appeal in the same case is whether the lower court has followed the Supreme Court's directions in entering judgment for taxes, if the lower court has substantially followed such directions the judgment must be affirmed.

APPEAL from the County Court of Cook county; the Hon. JOHN H. WILLIAMS, Judge, presiding.

MACLAY HOYNE, State's Attorney, for appellant.

CHURCH, SHEPARD & DAY, (FRANK L. SHEPARD, and R. N. HOLT, of counsel,) for appellee.

Per CURIAM: The appellee, Mark L. Day, appealed from a judgment of the county court of Cook county against his property for taxes levied for the year 1915. The errors assigned were considered and were overruled as

to various taxes and sustained as to others. The cause was remanded to the county court, with directions to sustain objections and deny judgment as to all taxes held invalid in the opinion filed and to ascertain what portion of the county tax was levied to pay any charge upon the county imposed by law without the action of the board of commissioners, including fixed salaries of officers required by law to be paid from the county treasury and to pay jurors' fees and other charges fixed by law, according to the rules stated in the opinion, and to overrule objections to such taxes. (*People* v. *Day*, 277 Ill. 543.) The cause was reinstated in the county court and was again heard under the mandate of this court, at which the county court heard evidence and determined what charges were imposed by law within the rule laid down by this court and entered judgment accordingly. From that judgment this appeal was prosecuted by the county collector, and both parties have joined in a request for an immediate decision.

The decision on the former appeal settled every question which was raised or might have been raised on that appeal, and the only question open to consideration on this appeal is whether the county court followed the mandate of this court in determining what portion of the taxes came within the proviso to the sixth paragraph of section 61 of the act relating to the management of the county affairs of Cook county. Upon an examination of the record it appears that the finding and judgment of the county court were in substantial compliance with the opinion filed on the former appeal and the mandate of this court.

The judgment is affirmed.          *Judgment affirmed.*