NANCY J. PHILLIPS, Appellant, v. PHOENIX TRUST COMPANY, METRO-POLITAN LIFE INSURANCE COMPANY and ROBERT L. MOTLEY.—58 S. W. (2d) 318.

Division Two, March 3, 1933.

*Frank J. Duvall* and *Hostetter & Haley* for appellant.

328

*George F. Heindel* and *Robert L. Motley* for respondents.

WESTHUES, C.—This case comes to the writer on reassignment. February 21, 1929, appellant filed this suit against respondents: Phoenix Trust Company; Metropolitan Life Insurance Company, corporations and Robert L. Motley in the Circuit Court of Pike

County to cancel and declare void two deeds of trust on appellant's land. On application for a change of venue the cause was transferred to Ralls County where the case was tried and judgment rendered against appellant. An appeal was granted to the St. Louis Court of Appeals. The cause was transferred to this court on the ground that title to real estate was involved.

The nature of the suit was to cancel certain deeds of trust on the theory that they were void *ab initio*. Title to real estate is, therefore, involved and this case was properly transferred to this court. [15 C. J. 1086, and cases cited under note 97; Conrey v. Pratt, 154 S. W. 749, 248 Mo. 576.]

Appellant, plaintiff below, while a minor, inherited from her father an interest in a large tract of land situated in Pike County, Missouri. Later and before plaintiff attained her majority a suit in partition was filed and by the decree of the court in that case the land was divided in kind. The land described in plaintiff's petition was apportioned to her as her share of the land partitioned. The cost of this partition suit was assessed against the parties to the suit. Plaintiff's share amounted to $773.95 and this amount was assessed againt her land.

Plaintiff's maiden name was Nancy J. Taylor. After her father's death, Lacy G. Henry, a banker, was appointed curator for plaintiff and the two other minor children. Henry took charge of the property left to the minor children which consisted of their interest in the real estate and personal property. Plaintiff's share of the personal property amounted to about $2200. No debts or liens existed against the property when it was taken over by the curator. The curator dissipated the funds of the minor. See In re Taylor's Estate (Mo. App.), 5 S. W. (2d) 457, for a full statement with reference to the dissipation of the funds. The curator, having dissipated the funds, did not have sufficient cash to pay the cost of the partition suit. On May 17, 1923, subsequent to the partition proceedings, the curator made an application to the probate court for an order authorizing him to mortgage his ward's (plaintiff in this case) real estate in order to borrow $1600 for the purpose of obtaining funds to pay off a preexisting debt. The preexisting debt, as set forth in the application, was a mortgage of $1612.88. The purpose of making the new loan, as stated in the application, was to get a lower rate of interest and pay off the mortgage. The application and authority for the loan of $1612.88 was made December 4, 1922. This application of December 4, was made for the purpose of discharging preexisting debts. It does not appear clearly from the record, but we learn that in the partition suit the court found that there was a lien of $700 against the interest of appellant in the form of a mortgage. This amount and appellant's share of the cost in the partition suit equals nearly the sum of $1612.88, representing the amount of the loan

applied for on December 4, 1922. The cost of the partition suit was paid and the lien created by the previous mortgage was discharged.

We will assume, for the purpose of this case, that the cost in the partition suit was the only legitimate debt existing for which appellant was liable. We may also assume that had it not been for the dissipation of the funds by the curator, sufficient funds would have been on hand to have paid the cost. The probate court authorized the curator to borrow $1600 for the minor in accordance with the application and to execute his note on behalf of the ward, the interest rate not to exceed six per cent per annum, the note to be secured by a deed of trust on the land of plaintiff. Pursuant to this order of the probate court the curator executed the two notes and deeds of trust that are the subject of this suit: One note for $1600, dated June, 1923, payable to the Phoenix Trust Company of Ottumwa, Iowa, with interest at five per cent per annum; the other, a commission note for $80, payable to the trust company in ten equal installments, one installment to be paid each year beginning June 1, 1924. Defendant R. L. Motley was named as trustee in the deeds of trust for the Phoenix Trust Company, the beneficiary. Subsequently, and before maturity, the defendant trust company sold and transferred the note for $1600 to defendant Metropolitan Life Insurance Company.

■ Appellant insists that in the case of In re Taylor's Estate, supra, the Court of Appeals decided that the deeds of trust in question were invalid. An examination of that opinion discloses that the controversy in that case was over the settlements filed in the probate court by the curator. It will also be found that the $1600 and $80 items, represented by the notes in controversy in this case, were charged against the curator. The item of $773.95, representing the cost in the partition suit, was allowed as a legitimate expense. The allowance of this item was affirmed by the Court of Appeals. The Court of Appeals also decided that the decree in the partition suit, finding that appellant's interest in the land was subject to a lien in the form of a mortgage executed by the curator, did not bar the ward's right to question the unauthorized expenditure of the funds derived from the note and mortgage. Defendants in this case were not parties to that suit. The question of the validity of the deeds of trust in this case was not before the Court of Appeals. It was a controversy wherein Henry, the curator, was called on to give an account of his stewardship. The curator was rightly required to account for all moneys misappropriated and dissipated by him. It is in evidence in the case now before us that a bonding company made good the amounts found to have been dissipated.

■ No point is made by appellant that the application of the curator and the order of the probate court authorizing the execution of the deeds of trust and notes here in question are not in due form

and legal upon their face. Neither is it contended that the probate court did not have jurisdiction of the subject-matter. The sole contention of appellant is that, under the facts as they existed at the time, the probate court was not authorized to make the order because there was not in fact a preexisting debt within the meaning of Section 398, Revised Statutes 1919, now Section 402, Revised Statutes 1929. To paraphrase appellant's argument it is asserted that defendant Phoenix Trust Company, before making the loan, should have scanned the entire record of appellant's estate to see whether or not the curator had authority to create liens on her land for the purpose of discharging preexisting debts. If this position were tenable, it would render useless the order of the probate court which was in effect a finding of fact that the curator was authorized to borrow money for that purpose. Appellant also insists that if an order of the probate court could be relied upon in a case of this kind it would lead to the dissipation of minors' estates. That is a rather severe indictment against the probate courts. The law has clothed the probate courts with jurisdiction to administer the estates of minors. The Legislature has enacted laws to protect their rights. If these laws are followed the estates of minors will be amply protected. Probate courts are courts of record. Their judgments and orders must carry verity and be respected. [Scanland v. Walters, 26 S. W. (2d) 603, 324 Mo. 1084; Sherwood v. Baker, 16 S. W. 938, 105 Mo. 472.]

Any person dealing with a curator must ascertain his authority. But, in dealing with a curator this authority may be relied upon when the probate court has duly authorized the curator to act. In 28 Corpus Juris, page 1201, section 351, under the subject of "Guardian and Ward," we find the following statements of law with reference to this subject:

"Where the court had jurisdiction to order the sale, and the proceedings in regard to the sale are regular on their face, and one purchases the property in good faith, for a valuable consideration and without knowledge, either actual or constructive, of any defect or irregularity that makes the sale at most voidable, his title will be protected; and under this rule a purchaser may not be ousted because of fraud of the guardian inducing the sale where he did not participate in, or have knowledge of, such fraud. . . .

"As in other judicial sales the doctrine *caveat emptor* applies to the purchaser, and he must examine the record of the court and of the recorder's office, and make inquiry as to the title, the authority of the guardian to sell, and the conditions and restrictions incident to its exercise; and, if he has notice of facts sufficient to put a prudent man on inquiry, he is chargeable with knowledge of any defects or irregularities that might have been discovered by diligent inquiry and cannot be regarded as a *bona fide* purchaser. He is not bound, however, to inquire into irregularities which do not appear of record;

and is not required to look back of the judgment or order recognizing the necessity for the sale.''

The above text, taken from Corpus Juris, is supported by cases from numerous states. The law applies to the case at hand.

It is admitted that the proceedings in the probate court, with reference to granting the curator authority to borrow money and mortgage appellant's land, do not disclose any defect. Therefore, the defendant Phoenix Trust Company had a right to depend upon the finding of the probate court that the loan desired was for the purpose of discharging a preexisting debt. The Phoenix Trust Company was not required to go behind that finding and make an audit of the curator's accounts to ascertain if the order of the court was based upon sufficient facts. It was admitted that the cost of the partition suit was a legitimate lien against the land. Appellant inherited the property subject to the law that any of her co-heirs had the right to partition. The funds derived through the note and deed of trust in this case replaced the lien for the cost of that partition. Whether or not the cost so assessed against the ward's estate was a preexisting debt we need not now decide. However, we see no good reason why the cost in the partition suit was not such a debt. The probate court found that there was a preexisting debt and defendants had a right to rely upon that finding. [Cox v. Boyce, 54 S. W. 467, 152 Mo. 576; Wilson v. Wilson, 164 S. W. l. c. 562 (3), 255 Mo. 528.]

█ Appellant contends that the deeds of trust are invalid because the probate court authorized the curator to borrow only $1600, when in fact he borrowed $1680. This contention is without merit. The order of the court authorized the borrowing of $1600 at a rate of interest not to exceed six per cent per annum. The money was obtained at a rate of five per cent per annum. The $80 item represented commission, eight dollars to be paid each year. Adding this item of expense to the five per cent interest the total falls short of the six per cent authorized. Under the circumstances the commission was a legitimate expense.

The judgment of the circuit court holding the mortgages to be valid is hereby affirmed. *Cooley* and *Fitzsimmons, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All of the judges concur.