(No. 26473.—

THE COMMISSIONERS OF LINCOLN PARK, Appellant, *vs.*
ADOLPH SCHMIDT *et al.* Appellees.

*Opinion filed January 22, 1942—Rehearing denied March 11, 1942.*

· WINSTON, STRAWN & SHAW, and JOHN O. REES, (JOHN D. BLACK, PHILIP A. LOZOWICK, and GERARD E. GRASHORN, of counsel,) for appellant.

ORR, VAIL, LEWIS & ORR, and URION, BISHOP & SLADKEY, (WARREN H. ORR, HOWARD F. BISHOP, JEROME J. SLADKEY, and ROBERT F. DEWEY, of counsel,) for appellees.

Mr. JUSTICE GUNN delivered the opinion of the court:

This case was before us on a previous appeal in *Comrs. of Lincoln Park* v. *Schmidt,* 375 Ill. 474. In that case we reversed the order of the superior court of Cook county, granting a new trial, and remanded the cause with directions to enter judgment upon the verdict. The mandate of this court was filed and, March 28, 1941, judgment duly entered on the verdict of $32,550 together with interest at the rate of five per cent from the date of the verdict, amounting to a total of $46,947.55. The judgment is for compensation for riparian rights of appellees taken in an eminent domain proceeding, and as provided by statute the appeal from such judgment comes directly to this court.

No additional evidence was taken in the cause and the record and transcript filed in the previous appeal are re-filed in this case. Two principal points are urged by appellant,—first, that there is no proof in the record of the

value of the riparian rights taken; second, that no interest should have been allowed upon the judgment because it was conditional and not final.

Upon the first point urged appellees reply that the evidence in the record was before this court on the former appeal, and that the remanding of the cause with directions to enter judgment on the verdict is final and conclusive upon this question. Where a case has been decided upon appeal by this court and is brought up upon a second appeal involving the same questions, the only question open for consideration is whether the trial court followed the mandate of this court. (*People ex rel. Stuckart* v. *Day,* 279 Ill. 148; *Muhlke* v. *Muhlke,* 285 id. 325.) The trial court cannot err if it follows the opinion and mandate of the Supreme Court. (*Manternach* v. *Studt,* 240 Ill. 464; *Dustin* v. *Brown,* 303 id. 428.) However, appellant says the Supreme Court in the first appeal did not pass upon all of the issues in the case, and that the question of whether there is any evidence to support the judgment is still open. In *Washburn & Moen Manf. Co.* v. *Galvanized Wire Fence Co.* 119 Ill. 30, we said: "It is well settled * * * first, where a question, either of law or fact, is decided by this court in a case properly before it for such decision, the same question can not be again raised in that case, except upon petition for rehearing; second, where a case has been heard in the trial court, reviewed in this court, and remanded to the trial court with directions as to the decree it shall enter, on a subsequent appeal to this court errors cannot be assigned for any cause that existed prior to the former decision in this court." It has been broadly stated that a decision on a former appeal settles every question which was raised or might have been raised, leaving open for consideration only the question whether the trial court followed the mandate from the appellate court. *People* v. *Day, supra; Henning* v. *Eldridge,* 146 Ill. 305;

*People ex rel. Leighty* v. *Young,* 309 id. 27; *City of Chicago* v. *Dempcy,* 281 id. 257.

In the former appeal of this case a new trial was granted by the superior court because of proof of improper elements of damages in ascertaining the value of the riparian rights to be taken for public use. The erroneous ruling of the trial court in admitting improper evidence as to ascertaining the market value of riparian rights, was upon the insistence of appellant over the objection of appellees. In the former appeal we said the trial court should not have allowed a new trial because of errors induced by and in favor of the moving party. By our mandate requiring the superior court to enter judgment upon the verdict we have determined as the law of the case that the evidence, under the circumstances shown in the record upon appeal, was sufficient to require judgment on a verdict. (*People* v. *Young, supra.*) Nothing has occurred to change the circumstances except judgment has been rendered in compliance with our mandate. To permit appellant to now urge there is no evidence to support a judgment, when we have expressly directed the trial court to enter judgment upon the same evidence, is directly opposed to our prior decision on the same question. For the court to hold that the evidence on the first appeal was sufficient to sustain the verdict, and on a second to say that the judgment entered in compliance with our mandate upon that evidence should be set aside for want of evidence would be absurd. The first point of appellant has been passed upon and is no longer open to question.

The second point raised by appellant that the judgment entered was conditional, and no interest should have been allowed, requires a consideration of the facts, as well as the statute under which the appellant exercised the right of eminent domain. The verdict was returned by the jury May 17, 1932; a motion for new trial made May 27, 1932,

and granted July 6, 1940. Upon said order granting a new trial being reversed by this court, with directions to enter judgment upon the verdict, the trial court in entering up such judgment computed interest on the verdict from the time it was rendered to the day of entering judgment, and included such amount in the same. Appellant claims the action of the trial court was error; that in the exercise of the right of eminent domain, whether under the general statute of 1872 or by virtue of the provisions of the Local Improvement act (Ill. Rev. Stat. 1939, chap. 24, par. 729-31) the judgment is conditional. It is therefore contended that the part of the Interest act which provides "when judgment is entered upon any award, report, or verdict, interest shall be computed at the rate aforesaid, from the time when made or rendered to the time of rendering judgment upon the same, and made a part of the judgment," (Ill. Rev. Stat. 1939, chap. 74, par. 3,) cannot apply, because there may never be a judgment entered.

Since there are substantial differences between the provisions of the Eminent Domain act (Ill. Rev. Stat. 1939, chap. 47, sec. 10) and the provisions of eminent domain contained in the Local Improvement act, *supra,* both with respect to when judgment shall be entered, and as to abandonment of the proceeding, it is important to ascertain under which statute appellant was authorized to, and did, proceed in the present case. The act authorizing park commissioners controlling parks bordering on public waters to acquire submerged lands for park purposes, and to condemn riparian rights, was adopted June 15, 1895, and amended in 1903 and 1912. As originally enacted the right of eminent domain was granted to such park commissioners to be exercised in accordance with the provisions of article 9 of the Cities and Villages act. (Laws of 1895, p. 282.) The amendment of 1903 contained the same provisions, although at that time most of the provisions of article 9 of the Cities and Villages act had been

superseded by the Local Improvement act, *supra,* of 1897. The Park act was again amended in 1912, and provided that acquisition of riparian rights by eminent domain should be in accordance with the provisions of the Eminent Domain act of 1872 (Ill. Rev. Stat. 1941, chap. 47) which has been in force at all times during the progress of these proceedings.

Section 9 of the Eminent Domain act of 1872 provides: "Said jury shall * * * make their report in writing * * * so as to clearly set forth and show the compensation ascertained to each person thereto entitled, and the said verdict shall thereupon be recorded." (Ill. Rev. Stat. 1941, chap. 47, sec. 9.) Section 10 of the act provides "the judge or court shall, upon such report, proceed to adjudge and make such order as to right and justice shall pertain, ordering that petitioner enter upon such property and the use of the same upon payment of full compensation as ascertained as aforesaid, within a reasonable time to be fixed by the court." Then follows the proviso added in 1897 making provision for costs, expenses and attorney fees in case payment of compensation is not made within the time fixed in the order.

It is to be noticed that the provision for fixing a reasonable time for paying the compensation, as well as the provision in favor of the land owner in case the proceeding is abandoned was enacted at the same session of the legislature as the Local Improvement act. Much confusion is caused by the citation of authority construing the Eminent Domain act prior to the amendments of 1897, and those applying to the Eminent Domain act of 1852, as in the main they have no application to the rights of litigants under the present statute.

In *Chicago Great Western Railroad Co.* v. *Ashelford,* 268 Ill. 87, we held that a judgment of the court under the Eminent Domain act of 1872 in its present form was effective as a common law judgment from the time it was

pronounced by the court, and that the matters contained in the proviso did not have the effect of changing the common law rule. Later, in the case of *Village of Depue* v. *Banschbach,* 273 Ill. 574, we followed the *Ashelford case,* and said that in case the clerk improperly entered such judgment the latter could be entirely disregarded because there was a judgment from the date of pronouncement by the court, from which an appeal could be taken. We have also held that the court is without power to extend or change the time fixed in the judgment for payment of compensation. (*Village of Baylis* v. *Orr,* 291 Ill. 201.) And in *City of Winchester* v. *Ring,* 315 Ill. 358, it was decided that the payment of compensation awarded within the time fixed in the judgment was essential to the right of the municipality to take possession of the land appropriated.

The judgment in the present case followed the statute in adjudging the amount of compensation and fixed a reasonable time within which it was to be paid; it was in every sense a final judgment as to the amount of compensation and the time when, under the law, such compensation must be paid. The mere fact the statute gave petitioner the right to dismiss the petition, or made it liable for costs, expenses and attorney fees, if it did not proceed with the improvement, does not make the judgment conditional or premature. It is the kind of a final judgment provided by the Eminent Domain act, and no other kind of judgment is authorized. Semble—*City of Chicago* v. *Palmer,* 93 Ill. 125.

A judgment for compensation in an eminent domain proceeding under the statute of 1872 in some respects may be different in its effect than that of a *quod recuperet* judgment at common law, but the test is whether it is the final act of the court in fixing compensation in accordance with the constitutional mandate, and the fact that the failure to pay the amount thereof may have a different effect

than that which follows a *quod recuperet* judgment does not affect its finality.

Appellant calls our attention to *Turk* v. *City of Chicago*, 352 Ill. 171, and *City of Evanston* v. *Knox*, 241 id. 460, as authority for its claim there was no final judgment rendered below. These cases involved local improvement proceedings. The provisions of the Local Improvement act relative to judgments and payment of compensation in the exercise of eminent domain are quite different from those provided in the Eminent Domain act of 1872. Under the Local Improvement act the judgment is not entered until all issues as to all parties to the improvement are settled. The election to abandon must be made within ninety days after all issues as to all parties are determined; the judgment when entered is payable, whether the special assessment or tax be collected or not, and even after judgment is entered no interest is payable until possession of the property is taken. (Ill. Rev. Stat. 1939, chap. 24, par. 725, 729, 731.) The cases mentioned by appellant hold that ninety days after all of the requirements of the statute governing eminent domain in the Local Improvement act have been complied with the judgment became final and not conditional. The provisions of the two statutes mentioned for the exercise of eminent domain are not *in pari materia.* (*Village of Baylis* v. *Orr, supra.*) The provisions requiring fixing the time of the payment of a judgment contained in section 10 of the Eminent Domain act of 1872 have no application to judgments in eminent domain under the Local Improvement act. (*City of Chicago* v. *Lord,* 279 Ill. 582.) And the provision for costs and attorney fees in case of abandonment under section 10 of the Eminent Domain act have no application to the Local Improvement act. (*Rieker* v. *City of Danville,* 204 Ill. 191.) The citations of appellant have no bearing upon the construction of the Eminent Domain act of 1872.

The judgment in this case being a final one, and being authorized and entered under the Eminent Domain act of 1872 was it error to allow interest on the verdict and include it in the amount of the judgment? Section 3 of the Interest act expressly provides that a report, award or verdict shall bear interest until judgment is entered. Section 10 of the Eminent Domain act refers to the action of the jury in fixing compensation both as a report and as a verdict. It comes clearly within the terms of the statute, and we think it was mandatory upon the trial court to ascertain the interest accruing upon the verdict, and include it in the judgment. It was so awarded in *Darst* v. *Collier,* 86 Ill. 96, and in *Blakeslee's Storage Warehouses, Inc.* v. *City of Chicago,* 369 id. 480, we recognized interest on a verdict was to be made a part of the judgment, saying: "It is to be observed that two classes of interest are contemplated by the statute,—*i.e.,* that which accrues prior to judgment, and interest which accrues after the judgment is entered. Interest accruing before judgment is expressly made a part of the judgment, but no such provision is made as to interest accruing on a judgment after it is entered."

Under former statutes uncertainty existed as to the allowance of interest not only upon judgments, but upon awards. While we held in *Cook* v. *South Park Comrs.* 61 Ill. 115, no interest accrued on an award in an eminent domain proceeding, that result was necessary because the statute of 1845 on interest did not include the provision contained in the present act. The present statute on interest has settled the question under consideration by requiring the judgment for compensation fixed under the Eminent Domain act of 1872 to include interest on the award, report, or verdict as a part thereof. The constitution provides that "every person ought to obtain justice promptly and without delay," and doubtless the legislature was actuated by this command to provide that the land owner should

have interest on the value of land, as fixed by a jury, from the time the verdict was rendered, which obviously would prevent an unjust result in case the judgment on the verdict did not promptly follow.

We are of the opinion the judgment of the superior court of Cook county in entering the judgment for the amount of the verdict, with accumulated interest, was correct, and the judgment is accordingly affirmed.

*Judgment affirmed.*