(No. 29694.—

COMMISSIONERS OF LINCOLN PARK, Appellant, *vs.* ADOLPH
SCHMIDT *et al.*, Appellees.

*Opinion filed November 20, 1946.*

PHILIP A. LOZOWICK, and WINSTON, STRAWN & SHAW, (JOHN D. BLACK, and EDWARD J. WENDROW, of counsel,) all of Chicago, for appellant.

ORR, LEWIS & ORR, and URION, BISHOP & SLADKEY, (WARREN H. ORR, HOWARD F. BISHOP, WALLACE W. ORR, and HASKELL F. LAMM, of counsel,) all of Chicago, for appellees.

Per CURIAM: This case is before the court for the fourth time. In *Comrs. of Lincoln Park* v. *Schmidt*, 375 Ill. 474, we held that a trial court could not grant a new trial because of errors induced by the party moving for such trial. The cause was reversed and remanded to the trial court with directions to enter a judgment on the verdict. Upon the remandment the judgment was entered in the sum of $32,550, which, with interest, aggregated a total sum of $46,947.55. In *Comrs. of Lincoln Park* v. *Schmidt*, 379 Ill. 130, we held this was a final judgment; laid down the rule of law pertaining to the finality of matters decided on a previous appeal upon a second appeal involving the same question, and approved the judgment of the trial court in including interest on the verdict. On March 20, 1942, the commissioners filed a petition to abandon the proceeding, which was eventually allowed on July 13, 1943.

After the filing of the petition to abandon, the appellees filed a petition for the allowance of costs, expenses and reasonable attorney fees authorized by section 10 of the Eminent Domain Act. (Ill. Rev. Stat. 1945, chap. 47,

par. 10.) In the meantime Schmidt had died, and the right to have fees allowed on behalf of the executors of the deceased was resisted by appellant because of his death, and the trial court dismissed the petition for allowance of fees for this reason. Upon appeal, in *Comrs. of Lincoln Park* v. *Schmidt,* 386 Ill. 550, we held the right of the landowner to costs, expenses and reasonable attorney fees survived his death, and reversed the cause, with directions to finally fix and determine all costs, expenses and reasonable attorney fees of Adolph Schmidt and his executors. A hearing was had upon this question. The appellees demanded as costs, expenses and reasonable attorney fees the sum of $59,287.18. The trial court entered a judgment for the expense of experts the sum of $1775, instead of $6500 as claimed; allowed expenses for all attorneys of $3137.85; and allowed as attorneys' fees for two attorneys employed in the case $22,500, making a total allowance for costs, expenses and attorneys' fees of $27,412.85, instead of the amount demanded. The Commissioners of Lincoln Park has appealed on the ground that no fees, costs or expenses should be allowed for reasons hereinafter pointed out, and appellees have filed a cross appeal on the ground that the allowance should have been made for the full amount claimed. Under section 12 of the Eminent Domain Act, (Ill. Rev. Stat. 1945, chap. 47, par. 12,) the appeal comes directly to this court.

This case has been in court over eighteen years. A petition in eminent domain was filed on September 27, 1928, and the verdict of the jury was rendered on May 17, 1932. A motion for a new trial was made immediately thereafter, but not disposed of until July 6, 1940. The first appeal to this court was decided February 14, 1941, and it has been back and forth between the trial court and this court until the present time. It is time it was finally disposed of. It is a reproach to the administration of justice that a case of this character could be in court for

any substantial part of the period involved, without final disposition.

Most of the points involved have already been decided by this court. We decided the question of interest in *Comrs. of Lincoln Park* v. *Schmidt,* 379 Ill. 130. And we specifically held that the appellees were entitled to costs, expenses and reasonable attorneys fees in *Comrs. of Lincoln Park* v. *Schmidt,* 386 Ill. 550. In the latter case we reversed the superior court in dismissing the petition for costs, expenses and fees, with directions "to complete such hearings as may be necessary to finally fix and determine all costs, expenses and reasonable attorney's fees of Adolph Schmidt and his executors in accordance with section 10 of the Eminent Domain Act." We therefore hold appellees were entitled to recover the items fixed by statute. (*Comrs. of Lincoln Park* v. *Schmidt,* 379 Ill. 130.) In our judgment the only question left open was the amount.

It is claimed that the order of the probate court in opening up the administration of the estate to inventory additional personal estate, *viz.,* the amount of fees and allowances to which the estate was entitled upon the dismissal of the petition for condemnation was invalid because the executors knew of this asset long before the estate was opened up. The statute (Ill. Rev. Stat. 1945, chap. 3, par. 356,) authorizes administration of an estate to be opened up upon the discovery of new assets, and claims filed too late to participate in the original estate may participate in such additional assets. A probate court is a court of general jurisdiction, and the rule is uniform that an order and decree made by a probate court is entitled to the same protection against collateral attack as the judgments of other courts of general jurisdiction. (*People* v. *Medart,* 166 Ill. 348; *Dickinson* v. *Belden,* 268 Ill. 105; *Christianson* v. *County of King,* 239 U.S. 356, 60 L.ed. 327; *First Nat. Bank* v. *Bangs,* 91 Kans. 54, 136 West. 915; *Phillips* v. *Phoenix Trust Co.,* 332 Mo. 327, 58 S.W..

2d 318.) The validity of this order, therefore, cannot be questioned in this proceeding, which is entirely collateral to the proceeding in which the order was made by the probate court of Cook county.

This brings up for consideration what may be allowed as costs, expenses and reasonable attorneys' fees, and the reasonable amount thereof. Costs were not allowed at common law, and since the adoption of the statute permitting the allowance of costs it is strictly construed as being in derogation of the common law. (*Wintersteen* v. *National Cooperage and Woodenware Co.* 361 Ill. 95.) We have also held expert witnesses are in the same position as other witnesses with respect to their fees, (*Hutchinson* v. *Hutchinson*, 152 Ill. 347,) and that an expert can be compelled to testify despite his objection that he is entitled to be paid on the basis of being an expert. *Dixon* v. *People*, 168 Ill. 179, 131 Am. St. Rep. 1055, 2 A.L.R. 1576.

The general rule of costs does not apply in eminent domain cases where the petitioner abandons the proceedings, by reason of the provisions of section 10 of the Eminent Domain Act. That section of the statute provides when and how judgment shall be entered, and the right to enter upon the property subject to the following provisions: "Provided, That in case the petitioner shall dismiss said petition before the entry of such order or shall fail to make payment of full compensation within the time named in such order, that then such court or judge shall, upon application of the defendants to said petition or either of them, make such order in such cause for the payment by the petitioner of all costs, expenses and reasonable attorney fees of such defendant or defendants paid or incurred by such defendant or defendants in defense of said petition, as upon the hearing of such application shall be right and just, and also for the payment of the taxable costs."

Analyzing this provision, we find the allowance is for "reasonable attorney fees," and that "costs, expenses" and attorney fees "shall be right and just," in addition to taxable costs. Such expenses and fees must have been paid or incurred by the defendant, and it also must be in defense of the petition to exercise eminent domain..

The entire amount claimed by appellees is $59,287.18. Of this amount $41,798.33 appears to be attorney fees, and the balance the charge of experts and miscellaneous expenses. As pointed out above, the court made a total allowance of $27,412.85. Both appellant and appellees are dissatisfied.

In the case of *Forest Preserve Dist.* v. *Kean,* 303 Ill. 293, we considered the effect of section 10 of the Eminent Domain Act. In that case the petitioner failed to pay the judgment within the time fixed by the order, which entitled the property owner to fees the same as an abandonment of the proceeding entitled him to them. In that case reasonable attorney fees, costs and expenses incurred and paid in defense of the condemnation suit were allowed, but the petition for fees that were incurred on the appeal in the Supreme Court was denied. We held that the provision of the statute is for the payment by the petitioner of all costs, expenses and reasonable attorney fees that the defendant paid or incurred in defense of the petition, and this does not include the costs and expenses of a removal to this court by appeal to set aside the judgment.

In the *Kean case* the allowance of the trial court for amounts paid to witnesses to give opinions was sustained, but it appeared to the court there was no evidence that the amounts were unreasonable. Undoubtedly, attorney fees and costs of appeal to this court are included in appellees' demands, as the first statement for attorney fees in the amount of $15,649.18 and expenses of $9005 was filed on June 11, 1942. After the decision of this court was ren-

dered in *Comrs. of Lincoln Park* v. *Schmidt,* 379 Ill. 130, (Jan. 22, 1942,) seven months later the amended petition asked for payment of attorneys' fees of $41,798.33 and $17,488.85 expenses. The testimony also shows a considerable portion of the expenses charged to appellees was embraced in the cost of two appeals to this court.

The expenses and fees incurred by appeals were also considered in *Forest Preserve Dist* v. *Kean,* 303 Ill. 293, growing out of a previous appeal in *Forest Preserve Dist.* v. *Kean,* 298 Ill. 37, and were disallowed by the trial court and also by this court. It seems clear the attorney fees which were incurred by the appellees, for which appellant is required to pay, must be limited to fees, costs and expenses incurred in the superior court, except, of course, the taxable costs, which are recoverable under the cost statute. This will materially cut down appellees' claim.

On June 11, 1942, after the second appeal was decided, the principal attorney made a claim for attorney fees amounting to $15,649.18. He attempts to explain the difference in that amount and the present claim by saying he had prepared a petition, but left the amount blank, and one of the assistants in his office, without his knowledge, inserted such amount in the claim. When the claim was filed it became a part of the records of the court, and he was bound to know its contents, and professing to be ignorant of the contents does not relieve him from explaining the great increase in the amount of fees claimed a short time later. The increase in fees is over $26,000, and expense about $8500. Nothing appears to show that in excess of $25,000 additional attorney fees was earned, or $8500 additional expense incurred between the date of the filing of that claim and the filing of the amended claim on January 12, 1943.

The contention is made in the brief of appellees that twenty-nine days were spent in trying this eminent domain proceeding, and more than seventy-five days in preparation

of the case. We do not find in the record where more than eleven days were spent in the trial of the case, although it is shown there were seventeen appearances in court prior to the time. An appearance cannot be classified as a day for the recovery of attorney fees, unless it be shown that a day's time was spent before the court. This does not appear. The total amount of time claimed to have been spent by the regular attorney, as well as another attorney hired to assist in the appeals, is claimed to be substantially two hundred days, although appellees claim it is somewhat less, and appellant somewhat more. In either event it appears to us the trial of a condemnation suit involving the question of riparian rights should not consume so much time.

In the *Keen case* cited above, which involved a condemnation of property for a forest preserve district, Judge Cartwright comments: "It is not easy to see how ten days could have been occupied in the trial of an issue of fact as simple as the one involved in the case." We have repeatedly held that this court may also judge the amount of reasonable attorney fees. *Forest Preserve Dist.* v. *Kean,* 303 Ill. 293; *In Re Sanitary District Attorneys,* 351 Ill. 206; *People ex rel. Chicago Bar Ass'n,* v. *Gilbert,* 263 Ill. 85.

There was also testimony in the record that the attorney for appellees was an expert on eminent domain; had tried a great many cases; was familiar with the practice, and had, during the period involved, a considerable number of cases of eminent domain, as well as other cases involving public matters. If, during the period involved, he used two hundred days of time in this one case the query naturally arises as to what time he devoted to his other cases. There was also testimony of a lawyer who had had a great deal of experience in the trial of eminent domain cases, that ten days of time was sufficient for preparation, and that $100 per day was reasonable fees for time spent in

court trying the cause, and that in his opinion $10,000 was a reasonable charge for the services rendered, including the costs of two appeals to the Supreme Court.

It must be kept in mind that the reasonable fees to be allowed are those which were incurred or agreed to by the appellees, that is, by Adolph Schmidt, or his executors. If the judgment of $32,550, with accumulated interest, amounting in all to $46,947.55, had been paid by the appellant the question naturally arises would it have been possible for the attorneys to recover from him $59,000, or even $27,000, as reasonable fees, over his objection? We do not think so. From our judicial knowledge of what reasonable compensation should be, and from a consideration of the amount of time in research and study that should be reasonably expended in such a case, and the fact that a substantial portion of the services rendered in the case are not chargeable to appellant, we are of the opinion the allowance of $22,500 for fees for the services necessarily rendered in the trial court, which is the limit of recovery under authority of the *Kean case,* is excessive. Our disapproval of the unnecessary expenditure of time as an element of charges to a petitioner in eminent domain, who abandons the proceeding, is cogently expressed in *Chicago and Southern Traction Co.* v. *Flaherty,* 222 Ill. 67.

It must be also borne in mind that the provisions of section 10 of the Eminent Domain Act were not enacted for the purpose of allowing a municipality to be mulcted in costs and expenses merely because it abandons an eminent domain case after trial, because of excessive cost or otherwise. The measure of allowance is what the owner of the land would have been reasonably required to pay.

Even where allowance of attorneys' fees is justified, we cannot approve excessive charges for such services. They have been subject to criticism by this court. (*In re Goodman,* 377 Ill. 178.) We are quite familiar with the law and the procedure in eminent domain cases. We find

nothing unusual or difficult in the prior proceedings in this court which would require the expenditure of the tremendous amount of research claimed to have taken place in this case, especially for use in the trial court. This research did not seem to have been effective, because the first appeal discloses the commissioners took the wrong view.

In the exercise of its discretion the trial court had a right to consider the reasonable allowance to be made for the expert witnesses in the case, and we are not inclined to overrule the judgment of the superior court in fixing the allowance for experts at $1775. It also appears the court allowed all of the expenses paid by the attorneys. It is our judgment that the reasonable attorney fees allowable in this case should not exceed $10,000, and that the total allowance for appellees for costs, expenses and reasonable attorney fees should be fixed at the amount of $14,912.85.

This makes a consideration of the cross appeal unnecessary, as the only thing involved therein is the alleged error of the court in not allowing the full amount of appellees' claim. It is therefore dismissed. The allowance which we think is proper is somewhat less than the amount of the claim filed on May 11, 1942, but it is to be remembered that in that claim fees were included which were claimed to have been incurred in two appeals to this court.

The judgment is reversed but it is unnecessary to remand this case to the superior court because a jury trial cannot be demanded by either party on the question involved. (*Sanitary Dist.* v. *Bernstein,* 175 Ill. 215.) It is the opinion of this court that this litigation should be finally terminated and ended, and it is therefore considered, ordered and adjudged that judgment be entered herein against the appellant, and in favor of appellees in the sum of $14,912.85, and for taxable costs.

*Reversed with judgment here.*