THE DEPARTMENT OF CONSERVATION, Petitioner-Appellant, *v.* DAVID A. JONES *et al.*, Defendants-Appellees.

Second District Nos. 77-224, 77-310 cons.

Opinion filed August 25, 1978.

William J. Scott, Attorney General, of Chicago (Frank M. Daly and Dennis P. Daly, Assistant Attorneys General, of counsel), for appellant.

Donald T. Morrison and Mark H. Snow, both of Morrison & Nemanich, of Waukegan, for appellees.

Mr. JUSTICE GUILD delivered the opinion of the court:

These two cases arise out of the same condemnation trial and this court has consolidated them for decision. In cause No. 77—224 the Department of Conservation appeals from the final judgment order in this eminent domain proceeding which provided, in part, for the payment of 6% interest on the amount of the award from the date of the jury verdict to the date of deposit of the amount of the award with the county treasurer. The sole issue in that portion of this appeal is whether interest must be paid. In cause No. 77—310 the defendant appeals and the issue presented is whether the trial court has the discretion to award attorney's fees and costs in addition to the amount of the award.

The Department of Conservation offered to purchase the 13.4 acres of the defendant's improved real estate for $180,000. Defendant offered to

settle for $400,000. On December 16, 1975, the Department of Conservation filed its petition to condemn. The jury returned a verdict in the sum of $275,000 on December 16, 1976, and the trial court entered judgment in that amount, reserving judgment on the question of interest. On February 1, 1977, the Department deposited the sum of $275,013 for the amount of judgment and appearance fee of the defendant. On February 8, 1977, the trial court entered an order that the Department pay the statutory interest of 6% from the date of the verdict to the date of the deposit of the funds. The Department thereafter deposited the sum of $1,512.50 for the interest pursuant to the order of February 8, the deposit being without prejudice to the right of the Department to appeal the order requiring the payment of interest.

The Department contends that the judgment order is in error. Basically the Department argues that since it was not in possession of the property prior to judgment, and since it has the option of paying the defendant's costs of litigation in lieu of completing the condemnation by paying the award and taking title, it should not be required to pay prejudgment interest. Except for *City of Chicago v. Albert J. Schorsch Realty Co.* (1972), 6 Ill. App. 3d 1074, 287 N.E.2d 93, the cases relied upon by the Department concern "quick take" proceedings (Ill. Rev. Stat. 1975, ch. 47, par. 2.6), and are not applicable here. In Schorsch the First District Appellate Court held that an appeal by the property owner of the amount of the award stays the desemination of the amount and its time for payment. Dicta therein, with which we disagree, also held that interest need not be paid by a condemnor.

The defendant, on the other hand, contends first that interest must be paid due to the linked effect of the Eminent Domain Act (Ill. Rev. Stat. 1975, ch. 47, par. 10—(a)), and the Interest Act (Ill. Rev. Stat. 1975, ch. 74, par. 3). In support he cites the case of *Commissioners of Lincoln Park v. Schmidt* (1942), 379 Ill. 130, 39 N.E.2d 1012. In that case our supreme court stated:

> "The mere fact the statute gave petitioner the right to dismiss the petition, or made it liable for costs, expenses and attorney fees, if it did not proceed with the improvement, does not make the judgment conditional or premature. It is the kind of a final judgment provided by the Eminent Domain act, and no other kind of judgment is authorized.
>
>       * * *
>
> The judgment in this case being a final one, and being authorized and entered under the Eminent Domain act of 1872 was it error to allow interest on the verdict and include it in the amount of the judgment? Section 3 of the Interest act expressly provides that a report, award or verdict shall bear interest until judgment is

entered. Section 10 of the Eminent Domain act refers to the action of the jury in fixing compensation both as a report and as a verdict. It comes clearly within the terms of the statute, and we think it was mandatory upon the trial court to ascertain the interest accruing upon the verdict, and include it in the judgment." 379 Ill. 130, 136, 138, 39 N.E.2d 1015.

The defendant also contends that in proceedings brought under section 10(a) and not under the "quick take" provisions of the Eminent Domain Act (Ill. Rev. Stat. 1975, ch. 47, par. 2.6), that possession is irrelevant to the payment of prejudgment interest, and such interest can be denied to the property owner *only* where he has extensively delayed the payment of the award through numerous or frivolous appeals. See *Chicago v. Schorsch.*

■■ From an examination of the pertinent law in Illinois, we find that *Commissioners v. Schmidt* clearly mandates the payment of interest as provided for in the trial court's final judgment order. We also specifically find that *Schmidt* is still the prevailing law of this State, despite certain language to the contrary in *Schorsch.* We make this finding due to the recent adoption of the *Schmidt* rationale in the case of *Wirth v. Industrial Com.* (1976), 63 Ill. 2d 237, 347 N.E.2d 136, where our supreme court found that interest ran from the date of the award made by the Industrial Commission to the date payment was made pursuant to the award. In reaching that conclusion, the supreme court stated:

"This court has held that under section 3 of the Interest Act, interest accrued on an arbitrator's award (other than in a workmen's compensation case) from the date of its filing [citation], upon the amount found to be due in the report of a master in chancery from the date of the report [citation] and on a jury verdict from the date of the verdict (*Commissioners of Lincoln Park v. Schmidt,* 379 Ill. 130). This court has also held that interest accrued from the date of verdict [citation], and on an award based on the decision of the Industrial Commission from the date of the award [citation], notwithstanding that at an intermediate level of review they were overturned and on further review reinstated." (63 Ill. 2d 237, 240-41, 347 N.E.2d 136, 137.)

We also concur with the defendant in his argument that possession is irrelevant to interest in a section 10(a) case as the condemning authority may not take possession of the property unless it first deposits the award, dicta in *Schorsch* notwithstanding. We further note that the interest requirement imposed by *Schmidt* fulfills a very real need in that it helps to force the condemning agency to act one way or another once a verdict has been entered.

We turn to the contention of the defendant in cause No. 77—310 that

where the amount of the award in an eminent domain proceeding substantially exceeds the final offer of the condemning body, the trial court has the discretion to award attorney's fees and costs in addition to the award. On March 23, 1977, the defendant petitioned the trial court for the payment of $28,000 attorney's fees and costs of $2,244.57. That petition was denied. Defense counsel recognizes that the tradition in American jurisprudence has not been to allow counsel fees and costs to the prevailing party. In opposition to this concept, counsel argues that in academic circles there has been criticism of the validity of this concept. In support of this contention counsel urges that the trial court should have discretion to add to the verdict of a jury in a condemnation case reasonable attorney's fees and has cited one case from the State of Georgia, *viz.*, *White v. Georgia Power Co.* (1976), 237 Ga. 341, 227 S.E.2d 385, which is the only case in this country to so hold. *Brookshire v. Johnson* (1976), 274 Ore. 19, 544 P.2d 164, cited by defendant, is not in point as the attorney's fees therein were authorized by statute.

As the Department points out, the Illinois Supreme Court has not directly ruled upon the issue of whether our State constitution requires the award of attorney's fees as a part of just compensation. However, the issue as to whether the United States Constitution requires payment of attorney's fees to the condemnee was presented and answered in *Rhodes v. City of Chicago* (7th Cir. 1975), 516 F.2d 1373. In *Rhodes* the condemning body offered a less amount of money than the lowest appraisal made by its own appraisers—a situation far more extreme than the case before us. The Federal court held:

> "It is clear that the Illinois Eminent Domain Act, Ill. Revised Statutes, Ch. 47 does not provide for attorney's fees in condemnation cases. The district court correctly concluded, as had the state court, that attorney's fees were not allowable under Dohany v. Rogers, *supra.*" (516 F.2d 1373, 1380.)

In *Dohany v. Rogers* (1930) 281 U.S. 362, 74 L. Ed. 904, 50 S. Ct. 299, the Supreme Court held that attorney's fees are not included within the concept of just compensation for property condemned in eminent domain.

It is, of course, to be noted that section 9.8 of the Illinois Eminent Domain Act allows attorney's fees, where the State of Illinois or a political subdivision thereof is required by the court to initiate condemnation proceedings. The trial court shall then determine, and as a part of the award, allow attorney's fees, appraisal fees and costs. Likewise, in section 10 of the Act, where the condemnation is not consummated by the petitioner, upon application of the defendant the trial court shall order the payment of all his costs, expenses and reasonable attorney's fees. Neither of these situations are before us here.

The supreme court, in *Central Illinois Public Service Co. v. Westervelt* (1977), 67 Ill. 2d 207, 367 N.E.2d 661, considered an issue closely akin to that before us. In that case the utility company filed an eminent domain proceeding that resulted in a mistrial; a subsequent trial resulted in an award to the landowner. Westervelt sought reimbursement for attorney's fees and costs in the first proceeding. The supreme court held that he did not fall within the applicable statutory provision for attorney's fees in an eminent domain action under section 10 for the first trial because a mistrial had been granted.

■■ It is to be noted that several State legislatures have dealt with this issue in varying ways. Legislative action is exactly the remedy, if any, for this situation, however, it appears to this court that such action in this regard is extremely unlikely because of the many problems that would be raised. An example is the instant case. Defendant was offered the sum of $180,000 by the condemning authority, he demanded $400,000 and the jury awarded him $275,000. A question that might well be raised is the contrary of defendant's contention. Where an award is $125,000 less than the defendant's demand, should the Department be awarded attorney's fees? Obviously not. Likewise if the jury's award is the same amount offered by the condemning body should the condemnee pay the costs or expenses thus incurred by the condemnor? Obviously not.

In view of our ruling on this issue we need not reach the issue as to whether the defendant was timely in making his demand for attorney's fees. In cause No. 77—224 the judgment of the trial court allowing interest upon the award is affirmed; in cause No. 77—310 the judgment of the trial court denying attorney's fees to the defendant is affirmed.

Affirmed.

WOODWARD and BOYLE, JJ., concur.